CATRON, *Appellant*, v. NICHOLS.

1.   **Negligence**: DAMAGE BY FIRE: PRESUMPTIONS.   The general rule is, that he who avers negligence must prove it, and the destruction of property by fire does not raise a presumption of negligence, either in the kindling or management of the fire.   The case of fires caused by sparks emitted from locomotive engines, is an exception to this rule.

2.   ———— : ———— : BURDEN OF PROOF.   A farmer has the right to set out a fire in order to prepare his land for cultivation, and if he does so with the requisite degree of care, and prudently manages the same after it is set out, he cannot be held liable for any accidental or unavoidable injury occasioned thereby; and the burden is on him who avers that such fire was negligently kindled, or carelessly managed, to prove such negligence or want of care.   And the same principle applies to railroad companies in setting out fire upon their right of way to clear it of combustible matter.

*Appeal from Lafayette Circuit Court.*—HON. J. P. STROTHER,
Judge.

AFFIRMED.

*Alex. Graves* for appellant.

The court erred in giving the fourth instruction for defendant. The burden of proof was on plaintiff to show that his property was destroyed by reason of the fire, but the defendant was bound to assume the burden of proof that the act of firing was prudent. *Kenney v. Railroad Co.,* 70 Mo. 246; *Smith v. Railroad Co.,* 37 Mo. 287; *Fitch v. Railroad Co.,* 45 Mo. 327; 1 Thompson on Neg., p. 25, last paragraph; *Turberville v. Stamps,* 1 Salkeld 13; *Hanlon v. Ingram,* 3 Iowa. 82.

*George S. Rathbun* and *T. J. Duling* for respondent.

It was lawful for the respondent to burn the stubb.e and rubbish in his field to prepare it for cultivation, and he is not liable for any accident which might happen, unless he has acted in a negligent manner. *Miller v. Martin,* 16 Mo. 508; *Stewart v. Hawley,* 22 Barb. 619; *Clarke v. Foot,* 8 John. 421; Shearman & Redfield on Neg., (3 Ed.) § 329; *Fahn v. Reichart,* 8 Wis. 255; *Hanlon v. Ingram,* 3 Iowa 81. The instructions are consistent and fairly presented the law to the jury. It devolved upon the plaintiff to prove negligence and want of care in setting out the fire. *Miller v. Martin, supra.* The gist of this action is the negligence of the defendant, and the burden of proof is upon the plaintiff. *Brown v. Railroad Co.,* 33 Mo. 309; *Holman v. Railroad Co.,* 62 Mo. 562; Thompson on Neg., p. 148, §§ 3, 4, 5; *Bachelden v. Heagen,* 18 Me. 32; *Higgins v. Dewey,* 107 Mass. 494; *Sturgis v. Robbins,* 62 Me. 289; 11 Metc. 460; Shearman & Redfield, *supra.* The destruction of property by fire does not raise a presumption of negligence. *Bryon v. Fowler,* 70 N. C. 596. In the case of railroad fires the rule is different in this State, and the presumption of negligence is against the company. *Clements v. Railroad Co.,* 53 Mo. 366. The whole question of defendant's negligence and carelessness, as charged by plaintiff, was sub-

mitted to the jury upon proper instructions, and this court will not interfere upon the ground of weight of evidence. *Savings Asso'n v. Sailor*, 63 Mo. 24; *Miller v. Graham*, 41 Mo. 509; 58 Mo. 429; *McKay v. Underwood*, 47 Mo. 185; *Shunill v. Evans*, 49 Mo. 396.

Hough, C. J.—The defendant set out a fire in his stubble-field, for purposes of husbandry, which spread through the high grass of a marsh, which was in the corner of his field, to an adjoining field, belonging to the plaintiff, and consumed his fence and a quantity of hay. The plaintiff brings this suit to recover damages for said injury, alleging that the defendant, willfully, negligently and carelessly, set out said fire. There is testimony tending to show that the wind was high when the fire was set out, that it was blowing in the direction of plaintiff's farm; that there had been no rain for six weeks, and that it was dangerous to set out fire under such circustances. There is, also, testimony tending to show, that the fire was prudently set out and carefully guarded. The court properly instructed the jury as to the degree of care to be exercised in burning trash and stubble, preparatory to cultivation, and then gave the following instruction:

4. The jury are instructed that under the law and the evidence in this case, the defendant had the right, in the exercise of such care and prudence as defined in other instructions, to put fire out on his own premises to burn up the weeds, grass and trash on his fallow land, and if the jury believe, and find from the evidence, that the defendant set fire for this purpose, on his cultivating land, adjacent to said marsh, without any intention on his part of setting fire to said marsh, then the burden of proof is on the plaintiff, and he must show by a preponderance of testimony, that said fire, and damage to the plaintiff's property, resulted from the lack of ordinary caution and care, in time, place, or manner of setting out said fire, upon the part of defendant, under all the circumstances, and the mere fact

that plaintiff's property was destroyed, does not, of itself, prove negligence.

There was a verdict and judgment for the defendant.

The plaintiff contends that the foregoing instruction is erroneous; that it only devolved upon the plaintiff to show that his property was consumed by fire, set out by the defendant, and that the burden was cast upon the defendant to show that the act of firing the stubble was prudent and not negligent, and he cites in support of this position *Fitch v. Railroad Co.*, 45 Mo. 327, and *Kenney v. Railroad Co.*, 70 Mo. 246, claiming that the same rule which is applicable to fires caused by locomotive engines, is likewise, applicable to individuals.

The general rule is, that he who avers negligence, must prove it, and the destruction of property by fire, does not raise a presumption of negligence, either in the kindling, or the management of the fire. Thompson on Neg. vol. 1, p. 148, § 3, and cases cited. An exception to this rule has been made in this and many other states, in the case of fires, caused by sparks, emitted from locomotive engines, by reason of the difficulty of proving, in most cases, the identity of the passing engine which caused the fire, and the consequent inability of the plaintiff to prove its equipment and management, at the time of the injury, and because of the declared presumption that fire will not escape from engines properly equipped and carefully managed. In such cases, the mere fact of the escape of fire is held to be sufficient to warrant an inference of negligence, either in the construction, or management of the engine. But the principle of these cases, is not applicable to cases like that now before us. A farmer has an undoubted right to set out a fire in order to prepare his land for cultivation, and if he does so with the requisite degree of care, and prudently manages the same after it is set out, he cannot be held liable for any accidental or unavoidable injury, occasioned thereby; and the burden is on him who avers that such fire was negligently kindled, or carelessly managed, to

prove such negligence or want of care. *Miller v. Martin,* 16 Mo. 512. So too, if the servants of a railroad company set out a fire on its right of way, for the purpose of clearing it of combustible matter, as they may lawfully do, in order to prevent adjacent lands from being fired by passing engines, and such fire should extend to such lands and destroy fences and crops, or other property, we think, on principle, the burden of proof would be upon the plaintiff, in a suit for such injury, to show that the fire had been negligently set out, or negligently managed after being kindled, and the burning of plaintiff's property, would not, of itself, be evidence of such negligence. Such a case would, we think, fall within the general rule, and not within the exception above noted, as the reason for the exception would not exist.

We are of opinion that the instruction complained of, correctly declared the law, and the judgment of the circuit court will be affirmed. The other judges concur.