JOHN TORPEY, Appellant, v. MISSOURI PACIFIC RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, January 6, 1896.

1. **Trial Practice**: DEMURRER TO EVIDENCE. In the passing upon the propriety of a demurrer to evidence, not only the evidence itself, but every reasonable inference to be drawn therefrom should be considered; and where plaintiff's evidence contains enough to make out his case, yet, when considered with the whole evidence, it is neutralized so that reasonable persons can come to only one conclusion, the demurrer is properly sustained; but when it does not so neutralize, the question should be submitted to the jury. In this case there was evidence sufficient to go to the jury.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED AND REMANDED.

*John G. Paxton* and *Edward P. Gates* for appellant.

(1) The plaintiff is entitled to every reasonable inference of fact in his favor that can be drawn from the evidence. *Jackson v. Ins. Co.*, 27 Mo. App. 62; *Grant v. Railroad*, 25 Mo. App. 227; *Higgins v. Railroad*, 43 Mo. App. 547; *Field v. Railroad*, 46 Mo. App. 449; *Herboth v. Gaal*, 47 Mo. App. 225; *Voegeli v. Marble & Granite Co.*, 56 Mo. App. 678; *Obandman v. Boon*, 10

Mo. 443; *McKown v. Craig*, 39 Mo. 156; *Kelley v. Railroad*, 70 Mo. 604; *Charles v. Patch*, 87 Mo. 450; *Noeninger v. Vogt*, 88 Mo. 589; *Twohey v. Fruin*, 96 Mo. 104; *Alcorn v. Railroad*, 108 Mo. 81; *Buck v. Railroad*, 108 Mo. 179; *Franke v. City of St. Louis*, 110 Mo. 516; *Railroad v. Stout*, 17 Wallace (U. S.), 663, 664. (2) That the defendant's locomotive engines passed the place where the fire originated a short time prior to its discovery, and there being no other known cause for the fire, our courts repeatedly have held, without any modification, that this was sufficient to warrant the submission to the jury of the issue as to whether or not the defendant's locomotives communicated the fire by which the property was injured or destroyed. *Kenney v. Railroad*, 70 Mo. 243; s. c., 80 Mo. 578; *Matthews v. Railroad*, 121 Mo. 298; *Campbell v. Railroad*, 121 Mo. 340; *Alexander et al. v. Railroad*, 37 Mo. App. 609; see, also, *Voegeli v. Marble & Granite Co.*, 56 Mo. App. 678.

*Elijah Robinson* for respondent.

(1) The burden rests on the plaintiff of establishing the facts necessary to entitled him to recover. If he submits testimony tending to prove facts which would make reasonably probable the existence of the fact or facts necessary to constitute a cause of action, then it becomes the province of the jury to say whether, under all the circumstances, the testimony of his witnesses is entitled to credit, and, if so, whether the facts essential to entitle him to recover should be inferred from the facts proven. *Kenney v. Railroad*, 70 Mo. 249; *Moore v. Railroad*, 28 Mo. App. 622. (2) "The doctrine once prevailed in many jurisdictions that 'whenever there is any evidence, however slight, tending to support a material issue, the case

must go to the jury,' and this rule is still applied in some states, but 'the modern decisions' have established a more reasonable rule, to wit: That, before the evidence is left to the jury, there is, or may be, in every case, a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed." Elliot, Practice, sec. 889; *Hathaway v. Railroad*, 29 Fed. Rep. 489; *Parks v. Ross*, 11 How. 362; *Bank v. Clark*, 94 U. S. 278; *Railroad v. Bank*, 123 U. S. 727; *Burke v. Witherbee*, 98 N. Y. 562; *Lincoff v. Lombard*, 137 N. Y. 417.

ELLISON, J.—This is an action for damages for the burning of a house belonging to plaintiff, alleged to have been caused by fire escaping from one of defendant's engines. The fire occurred at 7:40 to 7:45 o'clock on the evening of the fourth day of January, 1894. The house in question was located about forty feet east of the defendant's passenger depot at the city of Independence. The passenger depot is from seventy-five to one hundred feet long. The defendant's railway consists of two branches from Independence, one of them being known as the Lexington branch, and the other as the main line. The track of the main line and the track of the Lexington branch come together beyond the west end of the passenger depot. The main track lies on the south side of the depot and runs in a southeasterly direction, while the track of the Lexington branch runs along the north side of the depot and in a northeasterly direction. The house in question was located between these two tracks, about forty feet from the main line and fifty feet, or something more, from the Lexington branch track. A freight train passed Independence, going east on the main line

at 6:55, the evening of the fire, which was, according to the testimony, from forty-five to fifty minutes before the fire was discovered. Two passenger trains passed the Independence depot at 7:30, which was from ten to fifteen minutes before the fire was discovered. One of these trains came on the Lexington branch toward Kansas City; the other was going toward St. Louis on the main line. The engine of the train going toward St. Louis passed along the track south of the house in question and stood, while the train stopped at Independence station, nearly directly opposite said house. The engine of the train that came west on the Lexington branch stood, while the train stopped at the station, at the west end of the depot, which was directly west of the appellant's house. There was no affirmative evidence to show that the engines emitted any sparks at the time they passed, or while they were in that vicinity. On the contrary the evidence on the part of the plaintiff was to the effect that the engines coming west on the Lexington branch do not usually, on account of a down grade at that point, use any steam. The wind was blowing, during the fire, slightly from the northwest to the southeast.

The trial court sustained a demurrer to the evidence for plaintiff, and he appeals.

We are of the opinion that plaintiff's case should have been submitted to the jury. The rule is quite familiar that in passing on the propriety of a demurrer to evidence, not only the evidence itself, but every reasonable inference to be drawn therefrom should be considered.

The fire in question originated in the roof of the building, and had progressed far enough to be discovered within ten or fifteen minutes after the two passenger trains had passed by. There was no other

reasonable opportunity appearing than the passing of these trains and their stopping at and starting from the depot, for fire to have been communicated to the *roof* of the building. There was no fire in the building, and had not been recently before the time in question. It seems to us that the known fact that locomotives carry fire and throw sparks to a considerable distance above and from the track, connected with the fact that the fire in question broke out of the roof of the building a few minutes after the trains had passed, with no other reasonable or probable way in which the fire could have originated, was ample evidence to justify the court in submitting the cause to the jury, under authority of the case of *Kenney v. Railroad*, 70 Mo. 243.

But the effect of defendant's contention in support of the demurrer, is that the whole evidence in plaintiff's behalf, including the cross-examination of witnesses, establishes a state of facts which fails to show that the fire was caused by the passing engines. The matters mostly dwelt upon in the argument of the cause were, that witnesses stated that they observed, while the house was burning, that the wind was slightly from a direction which would take sparks from the building, except when the train on the Lexington branch was passing; and that on that branch the engines, on account of a slight down grade, "usually" came into the station without using steam, and, therefore, without emitting sparks. Also, that in a building near to the one in controversy, there was fire in a stove. This fire was of soft coal and was so lifeless as to present no hindrance to persons endeavoring to save property from carrying the stove out of the building with their bare hands. It was also shown, possibly for the purpose of suggesting arson for gain, that plaintiff had insurance on the building for more than its value.

If the evidence on behalf of a plaintiff contains that which, if alone, would tend to establish facts sufficient to make out his case, yet, when considered with the whole evidence, it is so completely neutralized, destroyed, or rendered inoperative, that reasonable persons could come to but one conclusion as to its effect; in such case, a demurrer could be properly interposed. But when that part of the evidence which is relied upon as destroying or nullifying that relied upon by a plaintiff is not of a conclusive character, but is of a character which would lead to different opinions by reasonable men, then the whole evidence should be submitted to a jury for determination. Applying this rule to the facts of this case, it furnishes a ready solution to the question presented by the demurrer. The facts of the trains passing in such proximity to this property, the fire in the roof of the building immediately following, there having been no fire recently in or about the building, and no other reasonable cause for the fire appearing, were, as before stated, sufficient to make a case for plaintiff. Do the other facts which defendant presses upon us destroy or neutralize plaintiff's case in such conclusive way as to justify the court in declaring that he has no case? Clearly not. They are merely reasonable inferences which may be made against plaintiff's case, but they by no means destroy it. The respective theories of plaintiff and defendant, based upon the whole evidence, are, either of them, of sufficient force and reasonableness to justify a jury in adopting either, under the rules governing trials by jury.

The judgment will be reversed and the cause remanded. All concur.