J. M. COFFMAN, Respondent, v. J. L. McCAUSLIN,
Appellant.

Kansas City Court of Appeals, March 22, 1897.

1. Fires: NEGLIGENCE. The rule which applies to fires set by railway
engines is an exception and does not apply to a fire set by a traction
engine for threshing grain.

2. ———: ———: EVIDENCE: JURY. The fact that a traction engine is propelled through a field by fire and steam, that shortly after fire starts near its track and scorched chips, such as were used in the engine, were found along its track, and no other cause for the fire exists, would be sufficient evidence of the ultimate fact to justify a submission to the jury.

*Appeal from the Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED AND REMANDED.

*F. W. Byrd* and *Harry K. West* for appellant.

(1) This case was tried by the court below on the theory that proof that the plaintiff's property was destroyed by fire which escaped from the defendant's steam engine of itself raised the presumption that the fire escaped by reason of the defendant's negligence. It is true that when fire is shown to have escaped from a railroad locomotive which sets fire to and destroys property adjacent to the railroad track the law raises the presumption that the fire escaped by reason of the negligence of the railroad company. *Reed v. R. R.*, 50 Mo. App. 504; *Fitch v. R. R.*, 45 Mo. 322; *Kenney v. R. R.*, 70 Mo. 252. This rule is settled as to railroad companies by a long line of decisions beginning with the *Fitch* case above noted, but it was not the rule even as to railroad companies until it was established by that case. *Smith v. R. R.*, 37 Mo. 287, and cases cited. (2) Appellant contends that this case should be reversed and not remanded for the further reason that there was not sufficient evidence to go to the jury on the question of the fire having been set by the defendant's engine. The evidence shows that the fire was discovered in the plaintiff's meadow about 1 o'clock. That defendant's engine had been taken through the meadow between 11 and 12 o'clock. No

one saw any sparks fly from the engine, nor is there any evidence that fire could escape from the engine unless we indulge in the presumption that the engine, being run by steam, and heated by a wood fire, that fire might have escaped, and, in fact, did escape from the engine. There is evidence that a charred chip was found along the road over which the engine had passed and that the chip looked like fire had passed over it; and also that a part of the track over which the engine passed had been burned over when the plaintiff and others got on the ground. At that time, however, a large part of the meadow had been burned over and no one could tell where the fire started. The *Sheldon* case cited in *Kenney v. R. R.*, 70 Mo. 248, is a much stronger case than this and yet the court in that case held that the plaintiff was not entitled to go to the jury. *Haley v. R. R.*, 69 Mo. 614; *Redmond v. R. R.*, 76 Mo. 550.

*T. M. Bresnehen* and *A. A. Bailey* for respondent.

(1) Under the common law as adopted in this state (R. S., sec. 6561), the fact alone that defendant's fire escaped and burned up plaintiff's property would entitle him to recover and no proof or allegation of negligence is necessary. In Rolle's Abridgment, Action on the Case, "B.," tit. "Fire," the following language is used: "If my fire, by misfortune, burns the goods of another man, he shall have his action on the case against me. If a fire breaks out suddenly in my house, I not knowing it, and it burns my goods and also my neighbor's house, he shall have his action on the case against me; so if the fire is caused by a servant, or a guest, or any person who entered the house with my consent." *Matthews v. R'y*, 121 Mo. 298, 317, this question is discussed. 1 Cooley's

Blackstone, 431. This rule was modified in England by act 6, Anne C. III., but the statute of Anne is no part of the common law of this state, she having reigned subsequent to James I. This common law has not been changed by legislative action in this state, but has been. re-enacted as far as fire, escaping from locomotives on railroads is concerned. R. S., sec. 2615; *Campbell v. R'y*, 121 Mo. 340. (2) Appellant contends that there is no evidence that the fire which burned plaintiff's property escaped from defendant's engine, and that even if it did so escape there is not sufficient evidence to show that it escaped through the negligence of defendant. Respondent on the other hand contends that there is sufficient evidence to establish both these facts. Fire discovered shortly after the passage of the engine makes a case to go to the jury upon the issue as to whether the fire escaped from the engine. *Holland v. R. R.*, 13 Mo. App. 585; *Kenney v. R. R.*, 70 Mo. 243; *The Otis Co. v. R'y*, 112 Mo. 622; *Wise v. R. R.*, 85 Mo. 178; *Huff v. R. R.*, 17 Mo. App. 356.

ELLISON, J.—Defendant was the owner of a steam traction engine, an engine made and used for power to run a threshing machine. He was employed by plaintiff to thresh grain in plaintiff's field. He entered the field with his engine and threshing machine, threshed the grain, finishing about noon, when he removed the machine by drawing it through plaintiff's field with the engine. Shortly after the engine had passed out of the field plaintiff's meadow and hay ricks were discovered to be on fire from which considerable damage resulted to plaintiff in the loss of his hay and grass. No one saw the fire start, or had personal knowledge of how it originated. The trial court by instructions to the jury applied the rule governing in this and many

other states as to fires caused by passing railway engines, viz., the mere fact that fire did escape from the engine and destroy plaintiff's property would authorize the jury to presume or infer negligence on the part of defendant, and that the burden lay upon the defendant to disprove the inference. The verdict was for plaintiff and the defendant's appeal challenges the correctness of the instructions.

In our opinion defendant's objection to the foregoing view is well taken. The general rule is that when negligence is the foundation of a claim for damages the party alleging it must prove it as he would in other instances prove affirmative matter necessary to make his case. But, as before intimated, it has been determined in this state, and is now well understood, that in cases against railway companies for fires resulting from passing engines, the sole fact of fire escaping from the engines and destroying property is sufficient to authorize a finding of negligence, unless negligence is rebutted by the railway company. *Otis v. R'y*, 112 Mo. 630. This view is, however, not the rule; it is the exception, and has been adopted from the necessity of the situation in such cases. It was announced at least as early as *Fitch v. R'y*, 45 Mo. 322. But in that case the inability of a plaintiff to make affirmative proof of the condition of a locomotive engine which had set the fire was a controlling influence with the court in stating the exception. The court said that: "The farmer, along whose fields the train flies, from the nature of the case can know nothing about these things. He can not know the engine, nor can he tell the contrivances needed, used or neglected. All that he can, in most cases, show, is that the fire escaped and destroyed his property." This exception is no more than another instance of the rule,

*[margin note: NEGLIGENCE: fires: burden of proof: exceptions.]*

adopted from necessity and convenience, of throwing the *onus* on him who has proof of the fact in his hand, which is not accessible to the opposite party. The reason which supports the exception and places the burden of exculpation on the defendant, instead of inculpation on the plaintiff does not apply to the case at bar. The traction engine, now a common piece of agricultural machinery, is, for all practical purposes of observation, about as well understood by one farmer as another, at least the particular one which does the injury can be gotten at and its construction and management ascertained. In short, there is no reason applicable to such machinery, its use and management, which ought to excuse a complaining party from making proof of the negligence which he charges has destroyed his property.

This case coming within the general rule and not the exceptions we find the law to be that the mere fact that property is destroyed by fire lawfully made, does not raise the presumption, or authorize the inference, that it was done through negligence of the party who kindled or controlled the fire. The burden in such cases is on the plaintiff to prove the negligence. Wharton on Neg., sec. 867. The case of *Catron v. Nichols*, 81 Mo. 80, we believe to be in point on the question. In that case the trial court refused to apply the rule governing cases of fires set out by railway engines and the plaintiff made the refusal an assignment of error, in the supreme court. That court approved of the action of the circuit court; Judge Hough, stating in the course of the opinion that railway cases were exceptions to the rule and that when the reason for the exception ceased, no cause existed why the general rule should not apply.

In the case before us the fire was built in the engine for the lawful purpose of threshing plaintiff's

grain and at his suggestion and under his employment. It was lawful and proper to use the fire in the engine for the purpose of propelling it and the thresher off the premises and no liability can attach to the defendant unless there was negligence in the construction or management of the machine and this the plaintiff should prove by proper evidence.

II.   The character of proof necessary to justify a submission of plaintiff's case to the jury will perhaps arise on retrial and we will therefore add ——: ——: evidence: jury. that evidence tending to show the machine was propelled through the field when the fire originated, by use of fire and steam in the engine; that shortly after passing through, the fire was discovered with signs of its having started near where the machine passed; and that scorched or partly burned chips, such as were used in the engine, were found in its track through the premises; and that no other cause of the fire existed, will be sufficient evidence of the ultimate fact to be ascertained to justify a submission to the jury.   It has always been held in railroad cases in this state that the plaintiff must prove that the fire was started by escaping, in some manner, from the engine, and to prove this, it has been held that evidence of the character indicated was sufficient.   *Kenny v. R'y*, 70 Mo. 243; *Torpey v. R'y*, 64 Mo. App. 382.

The judgment will be reversed and the cause remanded.   All concur.