T. A. PEFFER, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, February 2, 1903.**

**Fires: RAILROADS: EVIDENCE: POSSIBILITIES.** The evidence in regard to engines of the defendant railroad company setting out a fire is reviewed and held to merely show a fire on the plaintiff's premises and that it could have been set by the defendant, and, therefore, insufficient to support a verdict.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

REVERSED.

*Elijah Robinson* and *Harris Robinson* for appellant.

The court should have sustained defendant's demurrer to the evidence. Upon reason as well as authority a verdict which, under the evidence in the case, must necessarily have been based upon mere guesswork or conjecture upon the part of the jury, should not be permitted to stand. Moore v. Railroad, 28 Mo. App. 622; Railroad v. Shertle, 97 Pa. St. 450; Peck v. Railroad, 31 Mo. App. 123.

*C. C. Madison* for respondent.

(1) In passing on a demurrer to the evidence, not only the evidence itself, but every reasonable inference to be drawn therefrom, should be considered. Torpey v. Railroad, 64 Mo. App. 382. (2) The fact that locomotives carry fire and throw sparks, with no other reasonable or probable way in which the fire could have originated, was ample evidence to justify the court in submitting the case to the jury. Torpey v. Railroad,

supra; Kenney v. Railroad, 70 Mo. 243.    (3)   The fact that a fire was set by a railroad company may be established by purely circumstantial evidence.   Campbell v. Railroad, 121 Mo. 345.

ELLISON, J.—This is an action for damages to plaintiff's fruit trees and berry bushes which were burned by a fire which plaintiff claims was set out by defendant's engines.    There were two counts in the petition covering two separate fires.    On the first plaintiff was allowed one hundred and fifty dollars, and on the second, five dollars.

The sole point presented is that there was not sufficient evidence that defendant's engines caused the fire, upon which to base the verdict.    We have gone over the evidence and have concluded that there was not sufficient of substance in it from which the jury could reasonably infer that the fire was set by defendant's engines.    There is an upgrade at the point which requires the use of extra power and it was shown that the engines, as a consequence, in passing that place, frequently threw sparks.    That a large number of trains passed daily; that they passed about every hour, and that the usual number passed on the day in question. That about noon plaintiff discovered the fire had burned over the ground, and that it began about twenty feet from the track and went with the direction of the wind.    It could be seen that it was a fresh fire.    But in this there is nothing to show that defendant's engines set the fire.    There was every other opportunity as well as that presented by defendant's engines. There is nothing to show, or from which it may be reasonably inferred that defendant set the fire, that would not apply to any of the many other opportunities which offer for dry grass to be ignited.    It is. true that the fire may have originated from the engines, and it is equally true that it may not.    The truth is in such doubt as that to say one way or the other is no more than

guessing. The cases of Kenny v. Railroad, 70 Mo. 243, and Torpey v. Railroad, 64 Mo. App. 382, are not like plaintiff's case here in essential particulars, as may be seen by comparing them. In the latter the fire was discovered in the roof of the building within ten or fifteen minutes after two trains had been standing by, and no other opportunity for the fire in that place. In the former, a train was seen passing through a field and "immediately" the smoke and fire arose. There was connection in each of those cases which is lacking in this. Cases in which the evidence is barely sufficient to rest a verdict upon ought not to be cited as authority for one which has not, at least, something near equal strength. The most that has been shown here is that there was a fire in plaintiff's premises and that it *could* have been set by defendant; but that defendant did in fact set it, is the merest surmise.

The judgment is reversed. All concur.