FUNK, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 19, 1907.

RAILROADS: Fires From Engines: Prima Facie Case. In an action against a railroad company for damages to the plaintiff's meadow caused by fires set by the defendant's engine, the evidence is examined and held insufficient to show *prima facie* that the fire was due to defendant's negligence.

Appeal from Knox Circuit Court.—*Hon. Charles D. Stewart,* Judge.

REVERSED.

*O. D. Jones* and *J. G. Trimble* for appellant.

There was, in fact, no evidence to show that one of defendant's engines caused the fire. If the fire is discovered immediately after the passing of an engine, it has been held presumptive evidence if the fire caught in combustible matter on or near the right of way. That Otis Co. v. Railroad, 112 Mo. 630.

*F. H. McCullough* and *C. R. Fowler* for respondent.

The facts, according to decisions in this State, made a prima facie case for the jury. Kenny v. Railroad, 70 Mo. 252; Rebman v. Railroad, 76 Mo. 550; Sappington v. Railroad, 14 Mo. App. 86; Wright v. Railroad, 107 Mo. App. 209.

GOODE, J.—Plaintiff is the owner of eighty acres of land which is bisected by defendant's railroad so as to leave forty acres on either side of the railroad. The longest dimension of the tract is north and south and, as we understand, the railroad runs through the center of it on an east and west line. A fire occurred on the south forty acres, which is a meadow. The date of the fire was October 4, 1904. The meadow had been cut July 8th and the tract was in pasture. Plaintiff seeks judgment for damage done to the meadow by burning the grass roots and killing the grass, for the value of some stacked hay which was consumed, and the value of manure which had been spread over eight acres. The action must fail because there is no proof that the fire was set by one of defendant's locomotives, as alleged. The evidence relied on to prove this fact is the testimony of plaintiff's son which, as to the immediate point was, in substance, as follows: In the morning of the day of the fire the witness went to Hurdland to attend to selling some personal property. Hurdland was a nearby town, we suppose, though the fact is not stated.

When he came back about five o'clock in the afternoon, the meadow had been burned over, but was still smoking and the fire appeared to have burned from the direction of the railroad. When questioned as to whether he had observed the fire earlier in the day, he said he had seen smoke before that; probably about nine or ten o'clock in the morning; but on cross-examination stated that he could not tell whether it was on his father's place or not, but thought it was. He said a train ran along the railroad track that day, passing him while he was on his way to Hurdland. The witness did not say whether he saw the smoke before or at the time, or after this train passed; that the locomotive drawing the train was puffing or emitting sparks, or that he saw any sparks fall in the meadow. In fact he did not connect the train with the smoke he saw in the morning, by showing the two were seen around the same hour, or by testimony of sparks flying from the engine. This was all the evidence having any relation to the origin of the fire. There was no testimony that the fire started near enough to the railroad to be within the range of flying sparks, or as to the condition of the right of way or meadow, with regard to being covered with dry and combustible material. Neither was there proof of other fires being set out by defendant's engines. The witness would not swear even that the smoke he saw was on his father's farm, but said he thought it was. Though proof that a fire in a field was caused by a passing engine may, like other facts, be proved circumstantially, we think this testimony affords ground for no more than a guess that one of defendant's locomotives started the fire. The circumstances relied on are too loosely connected with the main fact in issue to serve as proof of it. Nothing was proved having the least tendency to show the fire was set by an engine, except that the railroad ran through the meadow and a train passed over it in the morning. These cases are in point that this evidence made no

prima facie case, as it was so ruled in them on proof not materially unlike what we have before us. [Peck v. Railroad, 31 Mo. App. 123; Peffer v. Railroad, 98 Mo. App. 291, 71 S. W. 1073.]

The judgment is reversed. All concur.