CHARLES BOWDEN and GEORGE KING, Respondents, v. SAINT LOUIS & SAN FRANCISCO RAILROAD COMPANY and JAMES LUSK, W. C. NIXON and W. B. BIDDLE, Receivers, Appellants.

Springfield Court of Appeals, April 14, 1915.

DAMAGES: Fires: Communicated by Railroad Engine: Evidence. Action for damages from the burning of pasture, barn, fruit trees and rails. Evidence examined and reviewed and considered not sufficient to establish that the fire was started by an engine on defendants' road as alleged in the petition.

Appeal from Shannon County Circuit Court.—*Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED.

*W. F. Evans* and *W. J. Orr* for appellants.

(1) It is alleged that the fire was set by an engine owned or operated by all of the defendants—the railroad company and its receivers. There is an entire failure of proof of this allegation. Smith v. Frisco, 52 S. W. 378; Allen v. Frisco, 184 Mo. App. 492. (2) There was also an entire failure of proof of the allegation that the fire was set by sparks from any locomotive. Fritz v. Railroad, 243 Mo. 62, 148 S. W. 74; Gibbs v. Railroad, 104 Mo. App. 276, 78 S. W. 835; Manning v. Railroad, 137 Mo. App. 631, 119 S. W. 464; Peck v. Railroad, 31 Mo. App. 123; Bank v. Railroad, 98 Mo. App. 330, 73 S. W. 286; Funk v. Railroad, 123 Mo. App. 169, 100 S. W. 504; Otis v. Railroad, 112 Mo. 630, 20 S. W. 676; Glick v. Railroad, 57 Mo. App. 97; Moore v. Railroad, 28 Mo. App. 622; Peffer v. Railroad, 98 Mo. App. 291, 71 S. W. 1073.

ROBERTSON, P. J.—A jury trial resulted in a judgment for plaintiff for $200 and the defendants have appealed. The action is to recover damages on account of the burning of pasture, barn, fruit trees, some small fruits and rails. It is alleged that the fire from an engine on defendants' road started the fire. The fire originated in dry vegetation upon the right of way of the defendants and thence traveled in the direction of the wind to the plaintiff's property. The only testimony as to the origin of the fire is as follows: Guy Burrowes, a witness on behalf of plaintiff, testified that it started from the right of way; that he didn't know how it come there and didn't know whether any train had passed there or not. Sid McDermott,

a witness for plaintiff, testified that on the day of the fire a passenger train made two trips and the local made one from Grandin to Willow Springs. Charles Bowden, a witness for plaintiff, testified: "Q. Was there any trains traveling up that road that day? A. Yes, there was an extra went up, we assumed that set the fire. Q. How long after that went up until you heard about the fire? A. It was later in the afternoon, I can't say just what time." Chas. Bowden, one of the plaintiffs, was asked if he knew how the fire started and he stated that he didn't see it start but that he saw where it started on the right of way.

Following the decisions of the Supreme Court and of the other Courts of Appeal we hold that there was no proof of the alleged origin of the fire. A reading of the opinions in the cases of Fritz v. St. Louis, Iron Mt. & S. Ry. Co., 243 Mo. 62, 148 S. W. 74; Peffer v. Missouri Pacific Ry. Co., 98 Mo. App. 291, 71 S. W. 1073, and in numerous other cases cited by appellant, will sufficiently magnify the weakness of the proof in the case at bar as to render any further comment thereon improper here.

The judgment is reversed and the cause remanded. *Farrington* and *Sturgis, JJ.,* concur.