BETTIE M. FIELDS, Respondent, v. MISSOURI PA-CIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 5, 1905.

1. **APPELLATE PRACTICE: Evidence: Verdict.** If there is any substantial evidence upon which to base a verdict the appellate court is bound by the verdict.

2. **RAILROAD FIRES: Evidence: Circumstances: Jury Question.** In an action for damages for a fire alleged to have been set out by a railroad, if there is any substantial testimony supporting such allegation the question is for the jury; and where the action depends upon circumstantial evidence the circumstances must form a connected chain pointing to a single conclusion.

3. ————: ————: **Jury Question.** On a review of the evidence it is held sufficient to send to the jury the question whether the fire was communicated from a fire set out by a passing engine.

4. **EVIDENCE: Incompetent: Contradictory: Invited Error.** The admission of evidence tending to contradict incompetent evidence theretofore admitted is held error; but the party introducing the incompetent evidence originally cannot complain since he invited it.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*Elijah Robinson* for appellant.

(1) A verdict will not be permitted to stand unless it be supported by substantial evidence. Blumenthal v. Torini, 40 Mo. 159; Rea v. Ferguson, 72 Mo. 225; Crane v. Timberlake, 81 Mo. 481; Avery v. Fitzgerald, 94 Mo. 207; Long v. Moon, 107 Mo. 334; McFarland v. Accident Assn., 124 Mo. 204; State v. Bryant, 134 Mo. 246; Hew-

itt v. Steele, 136 Mo. 327; Cole v. Armour, 154 Mo. 333; Ashley v. Green, 38 Mo. App. 292; Kehoe v. Phillipi, 42 Mo. App. 292; Heintz v. Mertz, 58 Mo. App. 405. (2) Where a verdict is against every reasonable probability, that might result from the evidence in the case, the inevitable conclusion must be that it was the result of partiality or prejudice on the part of the jurors, and a judgment based on such verdict must be reversed. Jeans v. Morrison, 99 Mo. App. 208; Gage v. Trawick, 94 Mo. App. 307; Cook v. Railway, 94 Mo. App. 417; Baker v. Stonebreaker, 36 Mo. 345; Price v. Evans, 49 Mo. 396; Bautrain v. Railroad, 78 Mo. 44; Rosecrans v. Railroad, 83 Mo. 678; Spohn v. Railway, 87 Mo. 74; Cannon v. Moore, 17 Mo. App. 92. (3) It has often been decided, and never controverted, that a verdict which must necessarily have been the result of a mere guess or conjecture on the part of the jurors ought not to be permitted to stand. Moore v. Railway, 28 Mo. App. 622; Peck v. Railway, 31 Mo. App. 123; Peffer v. Railway, 98 Mo. App. 291; Shertle v. Railway, 97 Pa. St. 450. (4) The trial court committed error in permitting witness Nickell to testify that he had never heard witness Faust make any statement about having heard tramps say they would sleep in the barn at night.

*George B.* and *Sam B. Strother* for respondent.

(1) If there is any evidence, however slight it may be and whether direct or inferential, it must go to the jury, who are the exclusive judges of its weight and sufficiency. Twohey v. Fruin, 96 Mo. 104, 109; Charles v. Patch, 87 Mo. 450, 462; Rice et al. v. Sally, 176 Mo. 107, 145. (2) "In passing upon a demurrer to the evidence, the court is required to make every inference of fact in favor of the party offering the evidence, which a jury might, with any appearance of propriety, have inferred in his favor." Buesching v. Gaslight Co., 74 Mo. 219-231; Ecton v. Ins. Co., 32 Mo. App. 53-59; Fisher v. Rail-

way, 23 Mo. App. 206; Hanna v. Ins. Co., 56 Mo. App. 582-585; Smith v. Hutchinson, 83 Mo. 690; Donohue v. Railway, 91 Mo. 357-360; Twohey v. Fruin, 96 Mo. 105-109; Davis v. Clark, 40 Mo. App. 515-520; George v. Railway, 40 Mo. App. 433; Berry v. Railway, 124 Mo. 223-244-245. (3) There were ample facts, facts from which the court or jury might have reasonably inferred, that the fire was caused directly or indirectly from one of the appellant's locomotives. Wright v. Railway, 80 S. W. 927; Kinney v. Railroad, 70 Mo. 243; Redmond v. Railroad, 76 Mo. 550; Sappington v. Railroad, 14 Mo. App. 86; Torpey v. Railroad, 64 Mo. App. 382; Campbell v. Railroad, 121 Mo. 340; Myers v. Trust Co., 82 Mo. 237; Walker Bros. v. Railroad, 68 Mo. App. 465; Mathews v. Railroad, 142 Mo. 645.

BROADDUS, P. J.—This is a suit for damages for the destruction of plaintiff's barn and hay therein by fire alleged to have been started by sparks emitted from one of defendant's locomotive engines. The fire occurred at about 5:30 p. m., October 27, 1903, near Lee's Summit, Mo.

The testimony shows that the barn in question was situated on the west side and about 850 feet from defendant's tracks which ran nearly north and south with reference to said barn. No one testified seeing the sparks communicated to the barn. There was evidence that a freight train passed about 4 o'clock p. m.; and other evidence that no such train passed at that time, but that a passenger train passed at 4:13 o'clock. The witness who testified that a freight train had passed at the time stated, testified also that soon thereafter he saw a small fire burning in the grass near defendant's tracks. No witness saw the barn on fire until about 5:30 o'clock p. m., at which time it had gained considerable headway. Between the railroad track and barn was a field in which were stalks and grass which was burned over to

within 180 to 215 feet of the barn. In order to have reached the barn the sparks from this burning field necessarily had to pass over this space. It was shown that the wind was blowing from southeast to southwest which would carry the sparks from the field towards the barn. The evidence from the government weather bureau was, that at the time named the wind was blowing at Kansas City (about twenty miles distant) from a southeasterly to a southwesterly direction at a velocity of from seven to eight miles an hour, and that the speed and direction would be about the same at Lee's Summit —but there might be some difference in the two places. The evidence of witnesses at Lee's Summit was that the wind was, in the language of one of them "pretty strong." It was shown that the grade at the point where the fire was first seen was slightly upward, and that trains in passing at times threw out sparks.

The contention of appellant is that under the evidence plaintiff was not entitled to recover. If we consider only defendant's testimony its position is correct. But we are to take into consideration all the evidence— that of plaintiff as well as that of defendant— and if there was any substantial testimony upon which to base the verdict, we are bound by it. And it can make no difference notwithstanding there was much evidence to the effect that the field in question had been burned over before the day in question, and that if defendant's witnesses are to be believed the fire could not have been communicated at the time claimed by plaintiff. Nor are we to take as conclusive the evidence of defendant's agents that its engines were in good repair—the netting and appliances in good condition—and consequently its smoke stack did not emit sparks.

The defendant submitted a demurrer to plaintiff's case which the court overruled. We are cited to numerous cases by defendant as parallel with this to show that plaintiff was not entitled to recover. But in cases of

this kind the facts are nearly always different. Upon a given state of facts the court declares the law. It is the application of the law to the facts that gives rise to difficulties. And when the question is raised that plaintiff has not proven his case, the court must look to his evidence; and if there is any substantial testimony to support its allegations, the question is one for the jury—otherwise, it is a question for the court. In a case like this, where the action depends upon circumstantial evidence, the rule is that the circumstances must form a connected chain pointing to a single conclusion, or a number of independent circumstances pointing in the same direction, or verging to a common center.

The chain of circumstances is as follows: The locomotive attached to a freight train was seen to pass going up grade; in a few minutes a fire is discovered in the dry vegetation along defendant's right of way; an adjoining field is covered with dry grass and cornstalks; this vegetation is found burned over to within two hundred feet of plaintiff's barn; within one and one-half hours after the fire was first discovered along the right of way this barn was on fire; and during all the while the wind was blowing from the fire in the direction of the barn. These circumstances all point one way. From them we may infer that the locomotive going up grade emitted sparks which fell upon the dry grass and set it afire, which spread and communicated to the dry material in the field and which fire, driven by the wind which directed it towards the barn, was driven across the intervening space of two hundred feet to said barn, setting it afire.

That a wind traveling at the rate of seven miles an hour—much less a strong wind—would carry sparks a distance of two hundred feet is a matter of common knowledge. It was not only probable but it was certain to do so. All the circumstances lead to but one conclusion. It is true that these circumstances might all tend

like a chain to lead to one direction only, yet, after all, without a single link in the chain missing, the ultimate result, in fact, might be different. But it is not probable. The fact that the barn was not discovered to be on fire for so great a length of time after it was first seen on defendant's right of way is not a circumstance, when considered in the light of common experience, that tends to overthrow the foregoing conclusion: for it is well known that fires sometimes, even in high winds, travel slowly, especially over fields whereon is found dry grass and stalks in the month of October, for at that season of the year the grass is not all dry and the corn stalks, as a rule, are not so numerous on the ground as to furnish ready material for a continuous and rapid progress of the flame.

The case is stronger than in Kenney v. Railroad, 70 Mo. 243 and Torpey v. Railroad, 64 Mo. App. 382, in which cases the court held that the proof was sufficient. The case of Peffer v. Railroad, 98 Mo. App. 291, was where the evidence showed that defendant's engine could have set the fire and nothing more, which was held sufficient to maintain the action. But it is held that what is probable or even possible may be given in evidence, and its probative force is a question for the jury in arriving at their verdict. Campbell v. Railway, 121 ˉˊo. 349; Matthews v. Railway, 142 Mo. 645. As an original proposition, speaking for myself, I think that what is possible in a given case is entering into an almost limitless field of speculation, and a mere probability would be in a less degree guesswork. These cases are cited to show that under any theory of the case predicated upon the plaintiff's testimony, the verdict is bound to be upheld.

Defendant introduced what would be the evidence of one Joseph Faust, if present and testifying, to the effect that, about thirty minutes before the fire three strangers having the appearance of tramps passed along the public road going in the direction of the barn; that

they seemed to be intoxicated, and one of them remarked that they would sleep in the barn that night. Several witnesses were called by plaintiff to contradict Faust's statement. One witness by the name of Nickell was permitted to testify over defendant's objections that he was present all the time and that he never heard Faust at any time make the statement that he (Faust) had heard any such remark from the strangers. The object of introducing Faust's evidence was to show that the fire may have been started in the barn by supposed tramps. The admission of such evidence to contradict the statement of Faust was error. But it was harmless, as the statement of Faust, in the first place, was incompetent, standing alone, as it did, and disconnected with any other fact, it proved nothing. As the defendant invited the error it ought not to complain.

The court at the instance of plaintiff gave an instruction: "If the jury believe from the evidence that any witness has willfully sworn falsely to any material fact, the jury are at liberty to disbelieve and reject as untrue the whole or any part of the testimony of such witness, or accept and believe such parts as they may believe to be true when considered in connection with all the evidence in the case." Instructions of this kind are not applicable unless justified by the conduct of the witness or his statement which indicate that he is knowingly testifying to matters that are untrue. Faust's statement as to what he heard one of the supposed tramps say about their intention to sleep in the barn justified the instruction, as several witnesses who were with him and could have heard what was said testified that they did not hear anything of the kind spoken. He was wholly discredited and it was proper to call attention to his testimony in the general instruction mentioned.

For the reasons given the cause is affirmed. All concur.