MANNING, Respondent, v. CAPE GIRARDEAU & CHESTER RAILWAY COMPANY et al., Appellants.

**St. Louis Court of Appeals, May 11, 1909.**

**RAILROADS: Fires: Evidence: Prima-Facie Case.** In an action against a railroad company for damages caused by the burning of plaintiff's buildings, alleged to have been set on fire by sparks thrown from defendant's locomotive, the plaintiff failed to make out a prima-facie case by failing to show the possibility of the fire being started by sparks thrown from an engine of defendant at the place and to the distance where the fire occurred, there being no direct evidence that the fire was caused as alleged.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Giboney Houck, R. G. Ranney* and *Benson C. Hardesty* for defendants.

Defendants' evidence, tending to show that the flue was the true cause of the fire, made it necessary for

plaintiff's circumstantial proof to be of the very strongest character.   Peck v. Railroad, 31 Mo. App. 123; Peffer v. Railroad, 98 Mo. App. 292; Brooks v. Railroad, 98 Mo. App. 106; Torpey v. Railroad, 64 Mo. App. 382; Gibbs v. Railroad, 104 Mo. App. 276; Bank v. Railroad, 98 Mo. App. 336; Wright v. Railroad, 107 Mo. App. 212; Big Riv. Ld. Co. v. Railroad, 101 S. W. 638. The plaintiff's evidence wholly failed to measure up to the requirements.   A.  The evidence did not even tend to exclude the flue as the true cause of the fire.   The flue theory of the fire harmonized with all the facts plaintiff offered in evidence.   B.  The evidence was insufficient, even to raise an inference that the engine set out the fire, in the face of plaintiff's own evidence that her witnesses, favorably located, could not see a single spark emitted by the engine passing the house.   Bank v. Railroad, 98 Mo. App. 336;  Gibbs v. Railroad, 104 Mo. App. 283-286.

*W. H. & J. G. Miller* for respondent.

Taking the evidence as set out in respondent's statement (supra), the appellants' contention that the case of Gibbs v. Railroad, 104 Mo. App. 276, is in point and of controlling weight with this case, is erroneous.   The facts are entirely different.   The facts the court found wanting in that case are abundantly proven in this. Taking all the evidence together and summing it up, we find that the facts in this case are in harmony with the facts in the case of Lead Co. v. Railroad, 123 Mo. App. 394; in this case Judge GOODE, speaking for the court, says that "Leaving the facts of the present record and turning to those of kindred cases, we find a nearly unbroken current of decisions holding that, in like proof, the question of origin of the fire is a question for the jury.   Lead Co. v. Railroad, 123 Mo. App. 394; Campbell v. Railroad, 121 Mo. 340.

STATEMENT.—The purpose of this action is to obtain damages for the burning of certain buildings owned by plaintiff in the village of Oak Ridge, in Cape Girardeau county. These buildings, a four-room frame cottage, a smokehouse and a poultry house, were alleged to be of the value of $1,000. They were burnt November 11, 1906, and the averment of the petition is the fire originated from sparks thrown from a locomotive operated by defendants on their railroad. A general denial was filed. Plaintiff's cottage was about fifty feet from the track, part of it standing on the right of way. It was occupied by a tenant named Simmons, who was employed by defendants. The cottage was a one-story building with a shingle roof and a porch in front covered with tin or sheet iron. The roof of the porch was against the eaves of the house. The fire occurred late in the afternoon. A woman who lived a quarter of a mile away, swore that immediately after the train had passed the house, she saw a bright spot which she thought was the sunlight shining on a piece of tin fixed at the edge of the roof of the house proper, until she observed the sun was not shining; then thought the brightness might be a fire, but was not certain. It was in the roof right at the edge of the porch, next to the tin on the porch roof and several feet from the flue which arose from the comb of the house. This witness did not see any sparks emitted from the locomotive as it passed. The house is situated on the south side of the railroad and the wind was blowing from the train toward it; witness gave no alarm because she was not sure what she saw was fire. Another woman testified she saw the fire from her house about a quarter of a mile away half an hour after the train had passed. It was then a small fire on the roof of the main building above the porch, and there was no fire around the flue; she saw the train go by the house but did not see it throw sparks. Still another witness testified to noticing the fire half an hour after the train had passed when the fire was not

very large, but had got up on the side of the roof, "a right smart from the edge of the tin roof." It was burning down from the edge of the tin roof but was going up the side. This witness said the locomotive was emitting sparks as the train passed. She saw it throw sparks when climbing the grade before it reached the house and after it left the depot, but did not notice sparks as it passed the house, which was on a level piece of track. Still another witness, who lived within a hundred yards, first saw the fire when it was about half-way down the front side of the roof and had not noticed any sparks as the train passed. The tenant Simmons said he was at the depot when the train came in, and as soon as it left started for the house a quarter of a mile away. He walked down the track, went inside the house, opened the door of a stove, found a good fire in it, closed the stove door, went out and cut two arm loads of wood, carried some back to the porch, then cut two turns of heating wood, picked up one turn and started into the house. As he did so he heard a roaring where the flue went through the roof, looked up and saw the fire through a crack; the house was all in flames between the roof and the ceiling; that was the first appearance of fire he saw; did not notice it while he was out cutting wood in the yard; the crack was next to the flue; he ran out of the house and toward the home of one of the witnesses, called the latter and when he returned the fire burst through the roof and this was the first appearance of it on the outside. Other witnesses gave testimony tending to prove the fire originated, not at the edge of the roof near the porch, but about the flue, and was under too great headway when discovered to have been ignited by sparks from the train. At the close of the evidence the court was asked to direct a verdict for defendant, which request was refused, and the jury were instructed that if they believed from the evidence plaintiff was the owner of the house and outbuildings described in the petition, and they were con-

sumed by fire ignited from sparks from an engine of defendants on November 11, 1906, defendants were liable to plaintiff for the damage done to her property, and the verdict should be in her favor for such sum as the property was reasonably worth, not to exceed $1,000. A verdict was returned in plaintiff's favor, assessing her damages at $500 and from a judgment entered accordingly defendants appealed.

GOODE, J. (after stating the facts).—There is failure of proof in one respect which the authorities preclude us from treating as immaterial. It will be noticed that though some of the witnesses saw sparks fly from the engine as it left the depot and passed up the ascending grade, they did not testify directly to seeing them as the engine went by the house, where the track was level. This circumstance is important, but less so than the one to be immediately stated. No evidence, was introduced to prove the possibility of the fire being ignited by sparks or coals thrown off by defendant's engine at the distance, whatever that may have been, it was seen to throw them; and some proof of the kind was required. This was decided by the Supreme Court in Campbell v. Railroad, 121 Mo. 340, 349, and that decision must control unless we can say it is a matter of common knowledge sparks or incandescent coals thrown out by a locomotive will fly as far as plaintiff's house and set the roof afire. No witness testified to having seen sparks from an engine fly so far, or that it was possible for them to do so and fall hot enough to ignite shingles; nor was anything proved tending to show how combustible the roof was or whether the weather was wet or dry at the time. In the case cited, which also was for the burning of a house, the Supreme Court said it was important to show the possibility of sparks flying or being thrown a sufficient distance to reach the house and with heat enough in them to set it afire. Not only was this said, but the court quoted

with approval from an opinion of the Supreme Court of New York (Sheldon v. Railroad, 14 N. Y. 223) wherein it was declared such proof must be resorted to, because a jury cannot take judicial cognizance of the fact that sparks and cinders emitted from a locomotive, may be borne a given distance by the wind. The very evidence lacking in this case was introduced in Lead Co. v. Railroad, 123 Mo. App. 394, relied on by plaintiff.

The judgment is reversed and the cause remanded to be retried. *Nortoni, J.,* concurs; *Reynolds, P. J.,* is opposed to remanding.