## WM. H. WADDELL, Respondent, v. CHICAGO & ALTON RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, January 18, 1910.

1. **RAILROADS: Fires: Evidence: Sufficiency of: Facts Stated.** In an action against a railroad company for damages to a meadow, alleged to have been caused by fire set out by one of its locomotives, evidence that the fire started on the right of way and burned into plaintiff's field, that between twenty and thirty minutes before plaintiff detected the fire he saw a freight train pass, and that the weather was dry and the wind was blowing from the direction of the right of way toward the field which burned is sufficient to warrant the submission to the jury of the question whether or not defendant's locomotive set out the fire.

2. ————: ————: ————: **Necessary to Prove Locomotive Set Out Fire.** Under Section 1111, Revised Statutes 1899, making a railroad liable for injuries by fire communicated by a locomotive, in an action for such injuries, plaintiff is bound to prove, not only that the damage came from one of defendant's trains, but from fire emitted from a locomotive and not by fire which escaped in some other mode from the train.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Scarritt, Scarritt & Jones* and *Chas. M. Miller* for appellant.

The court erred in not directing a verdict for the defendant under the pleadings and the evidence. Peffer v. Railroad, 98 Mo. App. 291; Fund v. Railroad, 123 Mo. App. 169; Bank v. Railroad, 98 Mo. App. 330; Peck v. Railroad, 31 Mo. App. 125; Moore v. Railroad, 28 Mo. App. 622; Glick v. Railroad, 57 Mo. App. 105.

*Tapley & Fitzgerald* and *Dempsey & McGinnis* for respondent.

The authorities cited by appellant do not support its contention. The case falls under the following: Holland v. Railroad, 13 Mo. App. 585; Kenney v. Railroad, 70 Mo. 243; Torpey v. Railroad, 64 Mo. App. 382; Fields v. Railroad, 113 Mo. App. 642; Wright v. Railroad, 107 Mo. App. 209; Brooks v. Railroad, 98 Mo. App. 166; Lead Co. v. Railroad, 123 Mo. App. 394; Root v. Railroad, 195 Mo. 367.

GOODE, J.—Plaintiff sued to recover for the loss of oats, hay in stack, a meadow of timothy and other grasses, and fifty rails, stated to have been destroyed by a fire set out by one of defendant's locomotives. A verdict and judgment were given in his favor for $450 and defendant appealed, contending the evidence did not prove the fire was set by one of its locomotives. Stating the evidence in the phase most favorable to plaintiff, the facts shown are these: The fire broke out about noon of a day in October, or was discovered at that time. Defendant's railroad runs through plaintiff's farm and some time from twenty minutes to half an hour after a freight train had passed, plaintiff detected the fire. He said he knew it was before twelve o'clock for he was eating an early dinner; was between half-past eleven and a quarter to twelve; he had been hauling posts, and while doing so saw a train going west just after eleven o'clock; could not state the time definitely; did not notice how many cars the train had or what kind of an engine; did not pay much attention to it; had a meadow in timothy, clover, red top and blue grass; the wind was blowing from the northeast, which would carry the fire toward the southwest where the meadow burned; the weather was dry; defendant's right of way had been mowed but not raked, and there was dry grass over it; the fire started on the right of way and burned into plaintiff's fields; he could see

where it started; where it caught on the right of way, thence burning into the fields and toward the south; caught on the right of way twenty feet from the railway track; burned ten acres of the previous summer's grass and then ran into a meadow where it burned twenty acres, and in so doing burned three stacks of hay and ten tons of oats which had been ricked up in the field; dead grass and weeds were still on the right of way where the fire started; the wind blew the fire out into the fields before it had burned much on the right of way. Another witness testified to seeing a freight train going east between eleven and twelve o'clock, and probably a half hour later he saw the fire burning "right along close to the fence at the right of way" and plaintiff's rick was burning. This witness said there was fire on the right of way and burning back toward it, but was not as much as in the meadow where there was high grass; the right of way had been mowed and the trash was on the ground, not having been raked off; could not tell what kind of a train he saw going east as witness was three-fourths of a mile from it; was a freight train; this was between half-past eleven and twelve o'clock. Such, in substance, is the evidence regarding the source of the fire.

To our minds the evidence is quite persuasive that the fire was ignited from a spark or ember emitted from one of the locomotives which passed a short time before the fire was seen. This was the probable origin of it, considering all the facts in proof, and probability is the most that can be established either by direct or circumstantial evidence. The direct testimony of witnesses is affected as to cogency by their liability to err intentionally or unintentionally, though, of course, that species of evidence is usually more satisfactory than circumstantial. The question is whether the probability raised by the evidence was of the degree of cogency which sufficed to send the case to the jury, and we think it was, both on principle and the weight of authority. In other cases

we have reasoned about this question and reviewed many decisions touching it, which we will not examine again. [Gibbs v. Railroad, 104 Mo. App. 276, 78 S. W. 835; Big River Lead Co. v. Railroad, 123 Mo. App. 394, 101 S. W. 636; Manning v. Railroad, 119 S. W. 464.] At present we shall only refer to cases, the facts of which are enough like the facts before us, to make them authority on the question of whether the court should have directed a verdict for defendant or have left to the jury the issue of whether one of defendant's locomotives kindled the fire. If our opinion was opposed to this ruling, as it is not, we would feel controlled by the decision of the Supreme Court in Redmond v. Railroad, 76 Mo. 550, wherein the proof of the origin of the fire was like what we have here. The Supreme Court recited the evidence on the subject as given by two men who were a quarter of a mile from the place where the fire started, saw a train pass and about fifteen minutes afterwards observed the fire when it was fifteen yards west of the right of way. The wind was blowing from the east and the fire was then burning on the right of way; they saw no fire before the train passed, there was none on the east side of the railroad; the right of way was filled with very dry grass and weeds; the fire originated on the right of way and the field where the damage was done lay in the direction from which the wind was blowing. On these facts, which do not differ from those in the present case, except that the fire was observed fifteen minutes after the train passed instead of twenty or more, the Supreme Court declined to hold there was no evidence to prove the conflagration was started by the railroad company's engine. The difference in length of the intervals of time which elapsed between the passing of the trains and the detection of the fires, does not suffice to take this case out of the authority of that one. The fire which damaged plaintiff's property must have been burning some moments at least, before it was seen; for

it already had burned over a portion of the right of way and had extended into the meadow. Other cases with like facts are Fields v. Railroad, 113 Mo. App. 642, 88 S. W. 134; Sappington v. Railroad, 14 Mo. App. 86, and Holland v. Railroad, 13 Mo. App. 585. The latter case is not reported in full, but we have examined the record and find the decision was given on proof like that now presented. Cases slightly different from the one at bar in their facts, but much resembling it, are Kenney v. Railroad, 70 Mo. 243, Id. 252; Wright v. Railroad, 107 Mo. App. 209, 80 S. W. 927. No decision has been given by this court or the Supreme Court, to our knowledge, which favors the proposition that a verdict for defendant should have been directed, but perhaps two decisions of the Kansas City Court of Appeals do. [Peck v. Railroad, 31 Mo. App. 123; Peffer v. Railroad, 98 Mo. App. 291, 71 S. W. 1073.] If those cases are opposed to our view of the proper disposition of this one, they must yield as authority to the Redmond case, which has not been overruled; and, indeed, we think the spirit of it pervades the recent well-considered opinion in Root v. Railroad, 195 Mo. 348, 92 S. W. 621. In Smith v. Railroad, L. R. 6 C. P. 14, the facts were about the same as here, and were held to be for the jury; and said case is instructive not only on the point we have discussed, but on another one. Plaintiff was bound to prove not only that the damage came from one of defendant's trains, but from fire emitted from a locomotive and not by fire which escaped in some other mode from the train. [Revised Statutes 1899, sec. 1111.] In the English case it was suggested that fire, which started in heaps of grass piled on the right of way and extended thence to a cottage and burned it, might have been ignited by a match dropped from a car window or a coal from a pipe smoked by some one on a passing train, or in some other manner than by a spark or coal from a locomotive. The court said that though doubt existed as to the proper answer to those questions, there

was ample evidence for the jury which rightly would have been left to them, tending to prove the fire was ignited from sparks from an engine.    In Railroad v. Perry, 65 Kas. 792, it was held upon review of the authorities, a jury might find a damaging fire was caused by the operation of a railroad, if it was seen after the passing of an engine, to start near the track in an in-closed field which was covered with a growth of highly inflammable vegetation, and traveled before a high wind in the direction away from the track, though it was not proved the engine emitted the sparks or cinders, or was put to special exertion, "and without further proof ex-cluding other possible origins." This doctrine was re-iterated in Railroad v. Blaker, 68 Kas. 244.

Counsel for defendant insist we will be advancing a step further than any appellate court of this State has gone if we sustain the verdict in the present case. With this warning before us, we have read the relevant decisions and are convinced they justify the submission of the case to the jury.

The judgment is affirmed.   All concur.