# E. M. KELLEY, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, November 7, 1910.**

**RAILROADS: Locomotive Emitting Sparks: Property Destroyed by Fire.** .Where it is shown that at the time of the passage of a railway engine it was emitting sparks and a few minutes thereafter fire was seen near the right of way, none having been seen prior to that time, there was nothing to show that the fire probably started from any other cause, a judgment for the value of property destroyed by such fire will be upheld.

Appeal from Livingston Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*J. L. Minnis* and *J. M. Davis & Son* for appellant.

The demurrer to plaintiff's evidence should have been sustained, because there was no sufficient evidence to establish prima facie that the fire that burned plaintiff's property was set by an engine on defendant's railroad, nor any fact from which such an inference might properly be drawn. Under such circumstances the court should have given the instruction in the nature of a demurrer to the evidence at the close of plaintiff's evidence as well as at the close of all the evidence. Peck v. Railroad, 31 Mo. App. 123; Peffer v. Railroad, 98 Mo. App. 291; Gibbs v. Railroad, 104 Mo. App. 276; Funk v. Railroad, 123 Mo. App. 169; Sheldon v. Railroad, 29 Barb. 226; Ottis v. Railroad, 112 Mo. 622.

*Frank S. Miller* and *Scott J. Miller* for respondent.

(1) Under the law in this state the demurrer to the evidence was properly overruled. Rogers v. Ptg.

Co., 103 Mo. App. 683; Cole v. Transit Co., 183 Mo. 94, and cases cited. Curtis v. McNair, 173 Mo. 282; Bowen v. Railroad, 95 Mo. 274; Hamilton v. Mining Co., 108 Mo. 373; Jones v. Railroad, 178 Mo. 549; Doyle v. Trust Co., 140 Mo. 1; Scott v. Springfield, 81 Mo. App. 312; Huth v. Dohle, 76 Mo. App. 671. (2) Unless the evidence offered by plaintiff is incredible, the appellate court says: "We are compelled to accept it as substantial testimony, in support of his case." Winkle v. Dry Goods Co., 132 Mo. App. 656. (3) This appellate court will not disturb a judgment, unless the verdict upon which it is based is entirely unsupported by substantial evidence. Bradford v. Railroad, 119 S. W. 123; Hunt v. Ancient Order of Pyramids, 105 Mo. App. 41; Tusig v. Wind, 98 Mo. App. 129. And, in the first case cited, Judge Broaddus says: "Such is the general rule in this state." ·

BROADDUS, P. J.—This is a suit to recover from the defendant company the value of ninety tons of hay and other personal property destroyed by fire alleged to have been set out by one of defendant's engines.

The fire is alleged to have been started on the south side of the defendant's track, the railroad at that point being located on a line east and west. The fire occurred on the 18th day of February, 1908. A witness by the name of Brotzer testified that; he had a farm adjoining that of plaintiff; that on the day in question he was hauling wood and that he watched the fire closely; that at three o'clock he saw the passage of a freight train going east; that after having got his wagon partly loaded his attention was called to the direction of Parson's Creek, over which the railroad passed and he saw a fire there which was about one hundred yards south of the creek; that the fire looked to be close up to the track but that he could not tell from where he was; and that at this time there was a

little breeze from the southeast. The court said to
him. "You say it was on the right of way where the
fire had been burning?" A. "It had just started over
in the pasture, it looked as if it had started either in
the corner—I didn't go clear down to see whether it
burned in the pasture, or on the right of way or not."
Q. "How far is that from the plaintiff's property?"
A. "A half mile I reckon." He then resumed: "And
the fire was coming from the southeast, it was burning
all along clear up to the railroad track, but it was kind
of back burning, because the breeze did not stop it at
the timber, and after it got out further the breeze
struck it," etc. Q. "Is that the fire that burnt up
plaintiff's property?" A. "Yes, sir. The fire run
up through the railroad track—there was heavy grass
in this pasture, and it ran up in the woods and it burnt
all night and the next morning I was hauling wood and
I saw there was still the same fire up in the woods,
and just about sun-up the wind whirled around and
got in the northwest or rather in the north, it took
back down and ran straight through Mr. Kelley's
premises." He stated that the fire started in about
thirty minutes after the train passed.

Another witness by the name of Bloss who lived
on a farm adjoining plaintiff's, testified that he saw the
engine pass going southeast about three o'clock. He
was asked: "Did you notice this fire start?" A.
"Yes, sir." Q. "Where were you when you noticed
the fire start?" A. "I was a little south of that
fire, south like, three-quarters of a mile as near as I
can tell." Q. "Where did the fire start? Go ahead
and tell all about it." A. "The fire started as near
as I can recollect somewhere near the track—looked
like near the railroad track, where the fire started, close
to the track south—there was some little timber be-
tween us." He stated on further questioning that the
fire started close to the right of way, but could not tell
how far away. He also stated that he discovered the

fire in a few minutes after he saw the train pass. It was shown by the company's foreman that the defendant's engine was emitting sparks of fire and did in fact let out fire on the north side of the railroad track as it went by, which he and his men extinguished.

The plaintiff introduced evidence as to the ownership and value of the property destroyed. The defendant's evidence tends to show that the fire on the south of the railroad which destroyed plaintiff's property started a half mile from the right of way; and that the fire on the north side of the track did not cross it, and was extinguished by its section foreman and his gang.

The court sitting as a jury found the issues for the plaintiff and rendered judgment for the plaintiff from which defendant appealed. The defendant asks a reversal of the judgment on the ground that it is not supported by the evidence. First, that it was not shown that sparks emitted from the engine in question set the fire that destroyed plaintiff's property. Second, that all the evidence conclusively shows that the fire that destroyed plaintiff's property was not started by sparks emitted from said engine. On the first proposition it is argued that plaintiff's evidence giving it full force and credit at most only goes to show that plaintiff only made out a possible or probable case. In other words that it was merely probable that sparks from the engine did set the fire. It is said that it is not enough in such cases to show that probably the fire was communicated by sparks emitted by defendant's locomotive. [Sheldon v. Railroad, 29 Barb. 226; Peck v. Railway, 31 Mo. App. l. c. 128.] Accepting this statement of the law, for the present purpose without committing ourselves to its correctness we believe the plaintiff made out his case.

The defendant's engine at the time of its passage was emitting sparks of fire in the locality which was covered with dry grass. In a few minutes after its passage fire was seen near defendant's right of way.

None was seen prior to that time. There was nothing to show that it had been or any probability even that it could have been started otherwise. It is true that it was possible it could have been started otherwise. But the mere possibility that a thing might have occurred some other way, will not be sufficient to rebut a reasonable inference from the facts as to how it did occur. The Supreme Court has gone so far as to say that: "The fact that live sparks were thrown from engines, and did ignite grass and other combustible materials, would tend to prove the probability that fire was communicated from an engine."

The probability is that the fire could have been communicated in no other way than from sparks emitted from defendant's engine, which was sufficient to sustain plaintiff's case. [Market v. Railroad, 139 Mo. App. l. c. 463.] In the second point we must admit, that seemingly the preponderance of the evidence was in favor of the defendant and if truthful the probative force of that of the plaintiff was sufficiently rebutted by explanation in part and by contradiction in part. If the one is true the other cannot possibly be. We perhaps might have found different with our present light; but it must be remembered that the judge who tried the case had all the witnesses before him, with the benefit of the map of the locality referred to, and was in a much better position to form a correct judgment as to the truth of the matter than we can possibly be. At any rate we are not authorized to disturb his finding, if there was any substantial evidence upon which to base it. Affirmed. All concur.