Glen **ANDERSON** and Edith **Anderson,** his wife, Plaintiffs-Respondents,

v.

**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY,** a corporation, Defendant-Appellant.

No. 8200.

Springfield Court of Appeals.

Missouri.

May 1, 1963.

**658**

Ward & Reeves, Caruthersville, for defendant-appellant.

Richard D. Moore, Green & Green, H. D. Green, West Plains, for plaintiffs-respondents.

RUARK, Presiding Judge.

Fire, that scourge of the Ozark woodlands, destroyed approximately one hundred ten acres of pine and oak belonging to plaintiffs Anderson. They sued the St. Louis-San Francisco Railway Company (Frisco for short) under R.S.Mo. 1949, § 537.380, V.A.M.S., and secured judgment. Frisco has appealed. The sole contention of the appellant is that defendant's motion for verdict should have been sustained because the proof did not justify submission of the case.

Plaintiffs own five hundred twenty-five acres in Howell County about five miles Northwest of Willow Springs. The Frisco right of way "splits" this land. The stretch of railroad extending from Willow Springs northwest to Sterling (which is a quarter mile Southeast of plaintiffs' home) ascends "about three hundred feet." It is "the steepest grade on the Frisco." The right of way was covered with a year's growth of dry grass and weeds and other vegetation. On February 4, 1962, the weather was warm and extremely dry. As one witness described it, it was "shirt-sleeve" weather. A strong or "gusty" wind blew from the Southwest. At about one-forty-five in the afternoon a freight train with five diesel locomotives pulling it came up the grade from Willow Springs and passed through plaintiffs' place on the way to Cabool. As this train passed "the overhead bridge" some three miles Southeast of Sterling, it was progressing slowly. The engines were "laboring." At Sterling (next to plaintiffs' place) they were "pulling heavy." Immediately after the train passed the overhead bridge, fire was discovered on the right of way on the Northeast side of the track. Shortly thereafter one and possibly two (the evidence is not very definite) other fires were seen on the right of way in the three-mile stretch between the overhead bridge and Sterling. A witness who lived on the Northeast side of the right of way at Sterling saw the diesel-powered freight train pass. "* * * about the time the train—just before the caboose came around where I was sitting, I looked down and saw the fire." Plaintiffs Anderson had been fishing at a lake one-quarter mile Northwest of their house. While so fishing Glen Anderson heard a train pass. He thought it was going South-

east. Shortly thereafter the Andersons returned to their home. They discovered a fire on the right of way. It was "right on top of the grade at what is known as Sterling and coming toward my house." The timber which was destroyed was on the Northwest or lee side of the right of way, as were at least two other fires in the three-mile distance heretofore referred to.

There is no evidence of the existence of any fire, or cause of fire, along this area prior to the passage of the train. There was no evidence as to any sparks from the engines having been seen that afternoon; but two witnesses testified to having noticed sparks from the Frisco's diesel engines on that grade at night. Plaintiff said he had seen them "quite often."

 In cases under this statute the plaintiffs are bound to prove not only that the fire came from one of the defendant's trains, but that it was caused by a locomotive and was not a fire which escaped from some other part of the train. Waddell v. Chicago & A. R. Co., 146 Mo.App. 604, 124 S.W. 588, 590. But the law does not require that plaintiff prove the source of the fire by eyewitnesses whose sight follows the spark from the engine to the "burnables." The origin of the fire may be shown by proof of circumstances.[1] In no two cases of this character are the circumstances exactly alike, and the decision must turn on the particular facts in each case. Smith v. St. Louis-San Francisco Ry. Co., Mo.App., 214 S.W.2d 443, 445.

What are the circumstances here? Extremely dry and warm weather—a year's growth of dead vegetation on the right of way—a strong wind from the Southwest —a steep grade—five diesel locomotives pulling a freight train, laboring up the grade—diesels which had been observed throwing or emitting sparks on this particular stretch of road before—no evidence of any fires or cause for fires before the train passed—at least three fires upon the right of way within a distance of three miles discovered immediately, or shortly after, the train's passing—the fires burning on the right of way on the Northeast side of the tracks.

 There are many statements and definitions in reference to the quantum and character of proof necessary to make a submissible case by proof of circumstances. It is said that the proof must be such as to exclude any other reasonable conclusion[2] or that it have a tendency to so exclude any other reasonable conclusion.[3] If the facts justify a reasonable inference and make it "improbable" or "not reasonably probable" that the fire could have been caused any other way than as plaintiff claims, it is sufficient.[4] It should be found that the locomotives of defendant were the only "probable" means of communication (Jasper v. Wabash R. Co., Mo. App., 24 S.W.2d 243), or that there was a "reasonable possibility" and such source was the "most probable." Frame v. Kansas City, C. & S. R. Co., Mo.App., 209 S.W. 314, 318. All cases agree that the

1. R.S.Mo.1949, § 537.380, V.A.M.S., Anno. Notes 13 through 18; Cases collected in West's Missouri Digest, Railroads, ☞482 (2), 484; Tate v. St. Louis & S. W. R. Co., 201 Mo.App. 212, 209 S.W. 978, 980; Gaddy v. Kurn, Mo.App., 187 S.W.2d 858, 859.

2. Clark v. St. Louis S. F. R. Co., Mo.App., 4 S.W.2d 843; Riggins v. Missouri Pac. R. Co., 208 Mo.App. 26, 233 S.W. 67; Redman v. Chicago, R. I. & P. R. Co., Mo.App., 278 S.W. 95; Cole v. Kansas City Southern R. Co., Mo.App., 268 S.W. 886.

3. Fritz v. St. Louis, I. M. & S. R. Co., 243 Mo. 62, 148 S.W. 74; see Dugan v. Rippee, Mo.App., 278 S.W.2d 812, 815– 816; Wise v. Standard Oil Co. of Ind., Mo.App., 198 S.W.2d 1014, 1018.

4. Jones v. Chicago, M. & St. P. R. Co., Mo.App., 204 S.W. 192; Hudspeth v. St. Louis & S. F. R. Co., 172 Mo.App. 579, 155 S.W. 868; see Brooks v. Missouri Pac. R. Co., 98 Mo.App. 166, 71 S.W. 1083.

showing of circumstances must be such as indicates to reasonable minds the cause and source of the fire, not leaving it to mere conjecture or speculation, and must be sufficiently strong and complete to reasonably eliminate the "probability" of any other source or cause (Miller v. Sabinske, Mo.App., 322 S.W.2d 941); and that the proof must make the locomotive the "probable" cause and must be sufficient to make reasonable men believe the fire did so originate. It is not sufficient that it *might* have so originated (Motley v. Wabash R. Co., Mo.App., 234 S.W.2d 321), and it is held that the defendant is entitled to an instruction that it is not enough that the jury find simply it is "more probable" that the fire could have come from one cause than from another. They must find it as a fact.[5] But the mere *"possibility"* that a thing could have happened in another way is not sufficient to destroy a reasonable inference as to how it did occur. Kelley v. Wabash R. Co., 151 Mo.App. 307, 131 S.W. 718. Circumstantial evidence need not have the quality of absolute certainty. Ferrell v. Sikeston Coca-Cola Bottling Co., Mo.App., 320 S.W.2d 292(8). Statements which appeal to the writer are that the circumstances must be consistent and point in a substantial way to prove the occurrence. They must be such as to justify a reasonable inference of the fact. In this connection it is proper to consider the "probability" or "improbability" of its having come from other causes.[6] We think all of these statements convey in composite a clear and definite idea which is impossible to put into exact and limiting words because of the inadequacy of the linguistic tools with which we work.

■ Note that running through all rules and definitions is the word "reasonable," and connected with it in most of them are the words "probable" and "improbable." Some dictionary definitions of "reasonable" are: rational; just; fair-minded; proper; sensible; probable; sane; moderate.[7] The word, as applied to any set of circumstances, has an elastic meaning, depending greatly upon the position and viewpoint of the one who utters it and the one who interprets it. Thus, when it was said in David Harum that "A reasonable number of fleas is good fer a dog—", we doubt that the viewpoint of the dog was considered. Is any deduction which we as an appellate court make from a series of circumstances apt to be any more "reasonable" than the composite and shared judgment of twelve men of varied experience and viewpoint when acting under given instructions as to the law? We doubt it. We think we are limited in our consideration to determining whether there was "substantial evidence" and, if there was such, our authority is exhausted.

■ The forceful argument of appellant suggests that there are no diesel engine fire cases in Missouri. The implication is that it is "unreasonable" to attribute sparks to one of the diesel locomotives.[8] We cannot constitute ourselves a board of master mechanics and say that a diesel will, or will not, throw sparks. All we know is that witnesses testified they *had* seen sparks

5. Missouri Egg & Poultry Co. v. Missouri Pac. R. Co., Mo., 257 S.W. 477; Farmers' Elevator & Grain Co. v. Hines, 294 Mo. 639, 243 S.W. 140; Butcher v. St. Louis-San Francisco R. Co., 225 Mo.App. 749, 39 S.W.2d 1066, 1068; Taylor v. Lusk, 194 Mo.App. 133, 187 S.W. 87; see Springfield Fire & Marine Ins. Co. v. Lusk, 205 Mo.App. 185, 223 S.W. 804, 809.

6. Young v. Hines, Mo.App., 229 S.W. 417, 419; Foster v. Missouri Pac. R. Co., 143 Mo.App. 547, 128 S.W. 36.

7. Webster's New International Dictionary (2nd Edition); Funk & Wagnalls New Standard Dictionary of the English Language; Shorter Oxford English Dictionary.

8. For some discussion of that subject see Peck Iron & Metal Co. v. Seaboard Air Line R. Co., 200 Va. 698, 107 S.E.2d 421. As to oil burners see Texas and P. Ry. Co. v. Brandon, C.C.A.Tex., 183 S.W.2d 212.

from them on this particular grade. As to the suggestion that the fire might have come from a hot box instead of one of the engines, the fact that it "might" have is a possibility, not a probability. In any event, we would think that the existence of a hot box would be a matter peculiarly within the knowledge of the appellant, and no hot box is shown. Besides hot boxes, we can think of a great many other "possibilities" (for instance concentration of the rays of the sun by pieces of broken beer bottles scattered along the right of way). But these are simply "possibilities" and not "probabilities" and the jury had the right to select the cause which seemed to them the probable one and discard all other mere "possibilities." When the jury has arrived at the conclusion that, as a fact, the fire was set by one of defendant's locomotives, it is not important that the evidence does not single out *which* engine was the offender. Jasper v. Wabash R. Co., supra, Mo.App., 24 S.W.2d 243, 246.

We believe that the plaintiff produced substantial evidence; and, the jury having interpreted the evidence and found as a fact that one of the appellant's engines caused the fire, the judgment based on such verdict should be and is affirmed. Because of such affirmance it is unnecessary to pass upon the various questions raised by the respondents, and the motion to dismiss is overruled.

STONE, J., concurs.

HOGAN, J., not sitting.