[No. 2459.   July 20, 1921.]

# MARTINEZ v. FLOERSHEIM MERCANTILE CO. et al.

## SYLLABUS BY THE COURT.

1.   Where it is shown to the satisfaction of the trial court that an application has been made for an extension of time to perfect an appeal, and that through the failure of the clerk to file the papers the time has expired before the papers are filed, they may be filed by order of the court, and the time extended nunc pro tunc.                              P. 247

2.   The findings of the trial court that conveyances were made without consideration, made to cheat and defraud a particular creditor and to hinder and delay him in the collection of his judgment, which had been previously obtained, if supported by substantial evidence, will not be disturbed on appeal.                                            P. 247

Appeal from District Court, Colfax County; Leib, Judge.

Action by Cleofas R. Martinez against the Floersheim Mercantile Company and another.   From a judgment for defendants, plaintiff appeals.   Affirmed.

Bickley, Kiker & Voorhees, of Raton, for appellant.

W. R. Holly, of Springer, for appellees.

## OPINION OF THE COURT.

RAYNOLDS. J.   On October 5, 1912, Jesus M. Martinez sold to the Floersheim Mercantile Company certain sheep, which were infected with a contagious disease known as scabies, and the controversy which resulted from the loss occasioned to the Floersheim Company was settled by a note being given by Martinez to the said company on November 19, 1912, for the sum of $1,321, to be paid in six months.   This note was not paid at maturity, and suit was brought upon it; the defendant, Martinez, in his answer setting up that the note was obtained by fraud and duress.   The case was tried by the court without a jury, and judgment given for the plaintiff, the Floersheim Mercantile Company, on

August 25, 1914, for the sum of $1,762. On October 28, 1914, the sheriff of Colfax county levied upon the property of J. M. Martinez to satisfy the judgment, and on November 14, 1914, this suit was begun by Cleofas R. Martinez, the wife of J. M. Martinez, seeking an injunction against the sheriff and the Floersheim Mercantile Company. Judgment below was given for the sheriff and the mercantile company, and Cleofas Martinez, the wife of J. M. Martinez, appealed from that judgment to this court.

The appellant, Cleofas Martinez, claims to be the owner of the property in question; it having been deeded to her by her husband, J. M. Martinez, on July 30, 1912. On said date a bill of sale was also made to her by him for certain personal property. The deed above mentioned, together with a power of attorney from Cleofas Martinez, the appellant, to J. M. Martinez, her husband, were made at the same time. The deed and power of attorney were recorded May 24, 1913. The bill of sale was recorded September 19, 1914. Both the bill of sale and the deed were acknowledged April 11, 1913. Appellant claims that the conveyances to her were in repayment of the property which she had brought into the marriage community over 30 years before the date of these conveyances. The trial judge found that the conveyance was a voluntary one, without consideration, made to cheat and defraud the Floersheim Company; that the appellant had, together with her husband in collusion, withheld the conveyance from record for the purpose of obtaining credit; that the whole transaction was one to cheat and defraud; and that, even if she were the owner of the property and her husband, as attorney under the power of attorney, had conveyed or sold it, she was estopped as against the Floersheim Company, because the sheep which were sold to the company were her sheep, and she was in fact an undisclosed principal in the transaction.

[1]   At the outset of the case we are met with a motion to dismiss by the appellee on the ground that said appeal was not filed in the Supreme Court on or before the return day thereof, in that more than 90 days had elapsed from the time the appeal was taken and the same was filed in the Supreme Court; and, further, on the ground that there was no extension of time for taking such appeal. This motion has been apparently abandoned by the appellee, as is shown by his brief on the merits. The record discloses, however, that there is nothing in his contention, as the leave to extend time was granted nunc pro tunc by the lower court upon a showing made by the appellant that she had complied with the law, and the clerk had failed to properly file the papers. This showing satisfied the lower court and in the interest of justice the entries were made below nunc pro tunc.

[2]   Appellant assigns 64 errors, but groups these errors into three propositions: First, that the creditors in the case are subsequent creditors, and not existing or prior creditors, and that actual fraudulent intent must be proven in order that they may set aside this conveyance; second, that the conveyance was made for an adequate consideration, the repayment of the dotal property brought into the marriage community by the appellant. The third subdivision consists in the various errors made by the trial court, which are based upon the two former propositions, and the view which the lower court took of the law in regard to the case.

As will be seen from the above statement of facts, the trial court tried both the suit upon the promissory note, in which judgment was rendered, and the injunction suit to prevent levy of the judgment obtained upon the promissory note; the injunction suit being the one which is appealed to this court, and which we are now considering. The testimony taken in the suit upon the note was incorporated in the

present suit, and is made a part of the record. As before stated, the trial court in the present suit made specific findings that the conveyance was voluntary; that it was made for the purpose of cheating and defrauding the Floersheim Mercantile Company; that there was collusion between the appellant and her husband in withholding the conveyance from record; and that the appellant was estopped, even if she were the true owner, because she had allowed her husband to act as her attorney, and she was in fact an undisclosed principal in all the conveyances out of which the controversy arose. The appellant requested the court to make 29 findings in her favor, to the effect that the consideration was adequate, and that the conveyance was not voluntary, but was made in good faith. The court, however, refused all findings of the appellant and in fact its findings, either by inference or specifically, were diametrically opposed to those requested. Although the record is a lengthy one, much testimony having been taken on both sides in the two suits, and the assignments of error are numerous and the findings and requested findings are elaborate and specific, the real question involved in the case is a simple one, and is determined entirely by the presence or absence of substantial evidence to support the findings of the trial court. The distinction between prior creditors, subsequent creditors, and the effect of the recording act, etc., so elaborately argued by appellant, have no bearing because the court as a matter of fact found that there was actual fraud and collusion, and that the whole scheme or plan was one to cheat and defraud this particular creditor. If the evidence supports this finding of the court that, this attempted conveyance being withheld from record, the power of attorney that was given and the entire transaction was a scheme to cheat and defraud the Floersheim Mercantile Company and to hinder and delay them from obtaining judgment against J. M. Martinez,

then the judgment should be affirmed, as this court cannot pass upon the weight of the evidence, and the trial court has correctly applied the law to the facts as found. We have carefully read the record, and find that, although there is no evidence to contradict specifically the testimony of the appellant and her witnesses that the transaction was as she testified, nevertheless the court was at liberty to disregard her testimony and that of her witnesses, and to believe that the whole transaction, because of the suspicious circumstances attending it, was fraudulent.

In Gebby v. Carrillo, 25 N. M. 120, at page 128, 177 Pac. 894, at page 897, the whole subject is reviewed, and the rule applicable to this case is laid down in the following quotation:

"The testimony given by the appellant is possible of contradiction in the circumstances and its truthfulness and accuracy were open to a reasonable doubt upon the facts in the case."

In the present case there were suspicious circumstances and inherent probabilities which justified the court in his view of the case and furnished the substantial evidence which is the basis of his judgment. This is especially true in view of the fact that the court was asked to make specific findings of good faith on the part of the appellant and of adequate consideration, and to find specifically that the deeds in question were made upon certain dates, which he refused to do. All of this shows that the court did not believe the instruments introduced were made and acknowledged, on the dates they were purported to have been made and acknowledged, and the whole transaction, as it found, was a scheme to defraud. This court has held in many cases that, where there is substantial evidence to support the verdict of the lower court, the decision will not be disturbed. After careful consideration of the entire record, we see no reason for departing from these precedents.

The decision of the lower court is affirmed; and it is so ordered.

ROBERTS, C. J., and PARKER, J. concur.