[No. 3133. July 30, 1927. Rehearing Denied Jan. 27, 1928.]

WEEKS v. BAILEY et al.

[263 Pac. 29.]

R. J. Channel and Medler & Whatley, all of El Paso, Tex., for appellant.

E. F. Cameron and F. C. Knollenberg, both of El Paso, Tex., for appellee.

### OPINION OF THE COURT

BICKLEY, J. Appellee, Dudley R. Weeks, brought a suit in ejectment against Blanche B. Bailey and Jose Flores

for a certain tract of 19.57 acres of land and for damages for its use. Appellant Blanche Bailey and her codefendant, Jose Flores, answered by denying the plaintiff's right and title to the land, and said that appellee claimed through a deed executed, but not delivered, but stolen, and set up in a cross-complaint that Blanche Bailey is owner of the tract and Jose Flores was her tenant; that the deed under which appellee claimed was purloined and placed of record; and prayed that her title be quieted. To the cross-complaint plaintiff replied, admitting that he claimed through the deed referred to, dated February 17, 1914, but denied that it was stolen and denied all other allegations in the cross-complaint, and prayed that his title be quieted. Upon the trial, the court rendered judgment finding, adjudging, and decreeing that the plaintiff was the owner of an undivided seven-eighths interest in the land and Blanche Bailey of an undivided one-eighth interest and that Jose Flores had no interest therein, and, further, giving appellee (plaintiff) judgment against both of the defendants for rental value of the land for 1922, 1923, and 1924, in a total sum of $684.95. Only the defendant (appellant) Blanche Bailey objected to the finding of the court, and only the said Blanche Bailey perfected this appeal. In 1912, J. A. Coggin deeded lands in Dona' Ana county by a certain deed to three grantees, as follows: Three-eighths to E. W. Parker, four-eighths, to R. C. Bailey, and one-eighth to M. P. Martin, which deed was recorded and forms the basis of title to both the appellant and the appellee. These three grantees were engaged in the joint venture of buying and selling lands. On February 17, 1914, R. C. Bailey and E. W. Parker executed and acknowledged a deed, conveying to M. P. Martin tract No. 1 of 4.48 acres, tract No. 2 of 39.45 acres, and tract No. 3 (which is the tract involved in this suit) of 19.57 acres. This is the deed alleged by appellant never to have been delivered. On February 17, 1914, M. P. Martin gave to E. W. Parker a mortgage on tract 2 of 39.45 acres to secure notes aggregating $5,625. A portion of this mortgage debt was paid, and the remainder of the notes were sued upon, the mortgage foreclosed, and the land bought in by E. W. Parker. On December 16, 1914, M.

P. Martin assigned to E. W. Parker a mortgage, dated March 24, 1914, given by Mrs. E. Endres to said M. P. Martin upon tract No. 1 of 4.48 acres. This mortgage was foreclosed by E. W. Parker, and upon the sale, the land purchased by Parker.

The tract of 19.57 acres, being tract No. 3 and the land in controversy, was transferred by deed from Martin to Casad; Martin taking a mortgage for a part of the purchase price. This mortgage and the note thereby secured was assigned to John Robson, who afterwards foreclosed the mortgage aforesaid, and at the foreclosure sale Robson purchased the property and received a commissioner's deed therefor. Robson conveyed the land involved to Knollenberg, and Knollenberg conveyed to the plaintiff (appellee), Weeks. Appellee claims that this placed the title in appellee and also that he became the owner through a chain of title commencing with tax deeds from the treasurer of Dona Ana county. In view of the conclusion we reach, it is unnecessary to consider the status of the tax deeds. The defendant Blanche Bailey derainged her title through mesne conveyances from her brother, R. C. Bailey.

The court found that the deed from E. W. Parker and R. C. Bailey to M. P. Martin to an undivided seven-eighths interest in the land described in the petition was executed by the parties and delivered to M. P. Martin. Defendant tendered a finding that the deed of E. W. Parker and R. C. Bailey to M. P. Martin for a seven-eighths interest in the land in controversy was signed by said R. C. Bailey as one of the grantors therein, but was never delivered by said R. C. Bailey to M. P. Martin therein, and that said deed was, without the knowledge or consent of the said R. C. Bailey as a grantor therein, surreptitiously abstracted from his office and thereafter placed of record in the recorder's office. This tendered finding was refused by the court.

Appellant assigns as error the refusal of the court to make said finding requested by her and that the court erred in finding on behalf of the plaintiff that the deed in question was executed and delivered, and claims that there

was no substantial or other evidence in the record to support such finding and that such finding is contrary to the evidence and the weight thereof. Appellant states in her brief that these alleged errors of the trial court present the main point in this case.

█ █ Appellant says that the only testimony upon the question of the delivery of the deed in question is the evidence of the witnesses, R. C. Bailey and W. H. Winters, which evidence appellant claims establishes beyond a doubt that there was no delivery, in fact or in law. It is true that the only testimony was that alluded to by appellant, but it cannot be said such was the only evidence. Evidence is to be distinguished from testimony, which is that species of evidence which is produced through the language of the witness. Enc. of Evidence, vol. 5, p. 302. 1 Bouv. Law Dict. p. 1092, title "Evidence," thus classifies evidence as to its nature: (1) Direct; (2) presumptive; (3) circumstantial. "The term 'presumptive evidence' is sometimes used to designate what is ordinarily known as circumstantial evidence." See 6 Words and Phrases. First Series, p. 5541, "Presumptive Evidence."

Mr. Best, in his valuable work on Evidence, says that:

"Presumptions or presumptive evidence is as original as is direct evidence, and that the presumption of a fact is as good as any other proof of such fact, when the presumption is legitimate." See 6 Words and Phrases, First Series, p. 5541, citing Jones v. Granite State Fire Ins. Co., 90 Me. 40, 37 A, 326, 328.

The learned law writer, Prof. John D. Lawson, wrote a book on, "The Law of Presumptive Evidence." Rule 18, which he lays down, is as follows:

"Documents regular on their face are presumed to have been properly executed, and to have undergone all formalities essential to their validity."

And under this rule an illustration is given, as follows:

"A person's signature to a deed is proved, i. e., that it is his handwriting. The sealing and delivery of the deed is presumed."

In Devlin on Deeds (3d Ed.) § 294, it is said:

"*Possession of Deed by Grantee Affords Presumption of Delivery.*—The possession of a deed, duly executed in the hands of the grantee is prima facie, but not conclusive evidence of its de-

livery. It therefore follows that he who disputes this presumption has the burden of proof, and must show that there has been no delivery. And not only must this presumption be overcome, but it is held that there is such a strong implication that it has been delivered when it is found in the hands of the grantee that only strong evidence can rebut the presumption. The unsup-. ported evidence of the grantor, some fifteen or twenty years after the date of the deed, is not sufficient to overturn the presumption of delivery arising from possession. Mr. Justice Walker very pertinently observes: 'When a deed, duly executed, is. found in. the hands of a grantee, there is a strong implication that it has been delivered, and only clear and convincing evidence can overcome the presumption. Otherwise, title could be easily defeated, and no one could be regarded as being secure in the ownership of the land. It cannot be that a grantor may assail a conveyance fifteen or twenty years after a deed has been made, and recover the land by merely swearing that he never delivered the deed."

"Generally, the possession of a deed by the grantee named therein, or by one claiming under him, is prima facie evidence of its delivery and acceptance, where there is nothing to impeach the bona fides of such possession and especially where both the signing by the grantor and possession by the grantee are shown, or where the possession has continued for a long time. And, while this presumption is rebuttable, and something quite short of establishing absolute nondelivery beyond all reasonable controversy, is sufficient to raise a jury question, yet it has been declared that the most satisfactory evidence to the contrary will be required, and the fact that the grantee's possession was acquired from a third person is held insufficient." 8 R. C. L. "Deeds," par. 62.

In 18 C. J. "Deeds," par. 496, it is said:

"Where a grantee is in possession of a deed which has been duly executed, the presumption arises that it has been duly delivered, and the burden of proof rests upon the party disputing the presumption, the presumption being disputable and not conclusive. So possession of a deed by a person claiming under the grantee is regarded as evidence of delivery to such grantee until the contrary is shown."

██ It has been held that a finding sustained by circumstantial evidence will not be disturbed on appeal. See Gay Oil Co. v. Akins, 100 Ark. 552, 140 S. W. 739; Kelley v. Wabash R. Co., 151 Mo. App. 307, 131 S. W. 718.

██ In Daily v. Fitzgerald, 17 N. M. 137, 125 P. 625, Ann. Cas. 1914D, 1183, we said:

"This court has held, by an unbroken line of decisions, that it will not disturb findings of fact, where there is any substantial dispute upon the evidence. A great many of the disputed facts in the case were established by circumstantial evidence and we cannot say that the lower court was not justified in arriving at the conclusion it did."

Appellee argues that there are certain suspicious circumstances connected with the claim of the appellant and the testimony of her brother, who was the chief witness in her behalf, as to the alleged nondelivery of the deed in question. The lapse of time; the interest of the witness by reason of being liable on his warranty; the failure of the witness while an owner of a portion of the interest in the property deeded to effectively sue to cancel the deed; the fact that Parker dealt with Martin as to tracts 1 and 2 on the assumtion that his and Bailey's deed to Martin had been delivered; the fact that death had silenced the voices of Parker and Martin who were the other parties to the transaction and who could no longer contradict his claims—these and other circumstances may have been considered by the trial court, and, if so, we are unable to say that such consideration was unwarranted either in law or in fact. See Martinez v. Floersheim, 27 N. M. 245, 199 P. 905.

We therefore conclude that the finding of the court that the deed was delivered is supported by substantial evidence. Having reached this conclusion, it seems unnecessary to consider appellant's third assignment of error that the court erred in finding that John Robson, under whom appellee claims title, was an innocent purchaser for value of the notes secured by mortgage deed upon the land involved, and that he received transfer of the property through commissioner's deed, and that said Robson did not know prior to the time he purchased the notes of any claim whatsoever being made on the land by R. C. Bailey.

The fourth assignment of error is directed to the action of the court in making the third finding of fact, which is as follows:

"Third, that the reasonable rental value for such land as the land in controversy was, for the year 1922, $10 per acre, for the year 1923, $10 per acre, and the year 1924, $15 per acre."

The exception taken was that said finding "is not supported by any substantial evidence, nor by any evidence at all." There was no evidence of any sort, except that of a witness called on behalf of the plaintiff, and we hold

that such evidence supports the finding. In this connection, we will consider appellant's assignment of error No. 7, which is as follows:

"7. The court erred in awarding damages to the appellee and against said appellant in the sum of $684.95, as set out in paragraph third of its judgment, for the reason that there is no substantial or other evidence in the record to support such judgment, and for the further reason that such judgment takes no account of the undivided one-eighth interest of said appellant in said land theretofore found by the court to exist."

It will be observed that the language of finding No. 3 is as to the "rental value for such land as the land in controversy," and not as to the rental value of the interest therein of the plaintiff, seven-eighths. So, it appears that plaintiff is only entitled to recover seven-eighths of the rental value of said land.

It is objected by appellant that the judgment in form is contrary to law, in that it awards to the plaintiff judgment against the defendants for the title and possession of the land involved, and that the estate of defendant Blanche Bailey be forever barred and that plaintiff's title therein be forever quieted, and that plaintiff have a writ of possession therefor. The language might be more apt, to express the judgment of the court, but we think no confusion will result, especially in view of the interpretation here given. Warvelle on Ejectment, § 121, says that there is no technical difficulty in the enforcement of a judgment recovered in an action brought by one cotenant against another for an undivided interest in land, and that:

"The plaintiff, having been found to be the owner of an undivided interest, may properly be let into possession with the defendant according to their respective interests."

This seems to be what the trial court intended, since it was adjudged that plaintiff was entitled to a writ of possession, causing him to have possession of said premises "according to the force, form, and effect of said recovery." Now, it is plain that the recovery of the plaintiff was that he "is the owner of an undivided seven-eighths of the said land and premises," and, it being further adjudged that the defendant Blanche Bailey is the owner of an undivided one-eighth interest, that portion of the decree

quieting plaintiff's title must allude to the seven-eighths interest which he owns.

Our conclusion in the matter makes it necessary to compel a remittitur of the excess in the amount of this judgment over and above the amount which it is clear there is evidence to support, and we therefore order that if the appellee within 30 days from the filing of this opinion shall file with the clerk of this court his agreement to remit the sum of $85.62 from the judgment of $684.95, obtained by him in the court below, the remainder of the judgment will be allowed to stand and judgment awarded thereon against the principal and sureties of the supersedeas bond filed in this cause; but, upon his failure to do so, the judgment will be reversed and the cause remanded for new trial.

It is also directed that if and when a writ of possession shall be issued on behalf of the plaintiff, causing him to have possession of said premises according to the force, form, and effect of the recovery of the judgment in this cause, that said writ of possession specify that plaintiff be let into possession with the defendant Blanche Bailey according to their respective interests as found by the court below; and it is so ordered.

PARKER, C. J., and WATSON, J., concur.