279 P.2d 864

**UNCLE JOHNNY MILLS, a corporation, Plaintiff-Appellee,**

v.

**ARTESIA ALFALFA GROWERS ASSO-CIATION, a cooperative association, Defendant-Appellant.**

No. 5824.

Supreme Court of New Mexico.

Feb. 7, 1955.

Wm. M. Siegenthaler, Artesia, F. Gordon Shermack, Santa Fe, for appellant.

Bean & Osborn, Roswell, for appellee.

KIKER, Justice.

Plaintiff's suit was for the recovery of damages for breach of an alleged contract for the sale by defendant to it of twelve carloads of alfalfa meal.

After trial, judgment was entered for plaintiff and defendant appealed.

In the complaint it is alleged that the defendant contracted to sell to plaintiff twelve carloads, each of thirty tons, of 17% protein, fine ground dehydrated alfalfa meal, 100,000 I.U. vitamin "A" on arrival guaranteed; and that six carloads were to be delivered in January, 1951 at a price of $65 per ton and six carloads were to be delivered in February of the same year at $67 per ton, all to be delivered at plaintiff's warehouse in Houston, Texas.

Plaintiff alleges further that defendant shipped only five carloads of the alfalfa meal in January and that there was a vitamin deficiency which fact was made known to defendant and that an agreement resulted whereby plaintiff was to be credited for the deficiency, as determined by certain technical laboratories, at an agreed rate per ton. It was further stated that defendant shipped no alfalfa meal to the plaintiff in the month of February and that plaintiff bought six carloads from others and was compelled to pay $71 per ton for three carloads and $71.80 for three carloads. Plaintiff claimed damages on account of the vitamin deficiency and on account of having to pay an increased price for the alfalfa meal bought elsewhere in February.

Defendant admitted the contract, as pleaded by plaintiff, except as to the words "Vitamin 'A' on arrival guaranteed"; and that six carloads of alfalfa meal were to be shipped to plaintiff in February, 1951, to Houston, Texas, but denies that delivery was to be at the warehouse of plaintiff. Defendant admitted that it shipped five carloads of alfalfa meal and denies that there was any vitamin deficiency. All other allegations of the complaint were denied by defendant.

The record shows that the agreement between the litigants was made through an agent, dealing in feedstuffs, requested by the plaintiff to buy twelve carloads of alfalfa meal as described. On December 14, the agent sent to plaintiff a confirmation of sale, showing the purchase of the alfalfa meal from the defendant. There was introduced in evidence also a purchase contract dated December 14, 1950, addressed to the Artesia Alfalfa Growers Association,

confirming the purchase of the alfalfa meal for the plaintiff.

There is in evidence also a confirmation from Artesia Alfalfa Growers Association showing the sale to plaintiff of the twelve cars of alfalfa meal.

In evidence there is also a letter dated January 13, 1951, written by the manager of defendant company to the president of the plaintiff company. In this letter there is a declaration showing that plaintiff had a right to expect shipment of "twelve cars 17% dehydrated alfalfa meal 100,000 I.U. vitamin 'A' on arrival guaranteed." It is then stated that one car of meal had been shipped but that defendant company was having difficulty getting meal "with the 100,000 units of 'A' in it." It is further stated that the defendant was doubtful that it would be able to ship meal which would come up to the minimum vitamin requirements and asked to hear from plaintiff regarding the deficit with advice as to some type of adjustment that might be worked out.

On July 31, 1953 there was filed in the office of the court clerk plaintiff's requested findings of fact and conclusions of law.

On September 10, 1953 there was filed in the office of the clerk the decision of the court embodying findings of ·fact and conclusions of law.

The findings of the court are substantially the facts stated in plaintiff's complaint with the finding of damages to the extent plaintiff alleged.

On the 21st day of September, 1953, the defendant filed a motion requesting the court "to amend its findings of fact and conclusions of law in accordance with the requested findings of fact and conclusions of law submitted herewith by the defendant."

The defendant had in no way taken exception to the court's findings or conclusions before filing the motion which was in effect to substitute the defendant's draft of findings and conclusions for those filed by the court.

On the 27th day of October, 1951, an order was entered overruling the motion of the defendant for amendment of the court's findings and conclusions to conform to the requested findings of fact and conclusions of law submitted by defendant and on that date judgment was entered for the plaintiff in accordance with the findings of fact and conclusions of law made by the court.

The sole attack shown in the record upon the judgment is the motion of the defendant to substitute its findings of fact and conclusions of law in the place and stead of the findings and conclusions made and given by the court.

It should be noted in this case that no reasons were given in the trial court for the request that defendant's prepared find-

ings of fact and conclusions of law should be substituted in the place and stead of the court's findings and conclusions.

The court's finding of fact No. 1 merely states the domicile of each of the parties.

The last finding made by the court, numbered 8, states that the method used by plaintiff in testing the vitamin content of the alfalfa meal was the regular and accepted method of so testing and is a method in general use throughout the alfalfa meal industry.

The assignments of error do not attack either the first or the last of the court's findings of fact, but they do attack each of the others by declaring that the court erred in making the findings, making the statement as to each separately and quoting the finding without more.

The defendant assigned error on the part of the court in denying defendant's requested findings. Defendant then assigned error upon the making of the conclusions of law by the court. In like manner the defendants assigned error as to the refusal of the court to give its findings of fact and conclusions of law.

The motion in this case to substitute findings requested by defendant was not a motion to amend. The motion actually requested the court to strike out all findings by it made except the finding as to residence of the parties and as to the method of ascertaining the vitamin content of al-

falfa meal and to substitute for the court's findings, when stricken, findings proposed by the defendant.

The findings of fact made by the trial court, unless set aside, are the facts upon which the case must rest in this court. In re White's Estate, 41 N.M. 631, 73 P.2d 316; Witherspoon v. Brummett, 50 N.M. 303, 176 P.2d 187.

In its brief, appellant states three points under which it presents the attack upon the findings of the trial court and the judgment entered in the case. The first of these is a proposition of law; the second asserts that plaintiff is not entitled to damages in the amount of $644.40 to compensate for vitamin deficiency; and the third asserts that plaintiff is not entitled to damages in the amount of $792 in excess of defendant's price expended by plaintiff to buy six carloads of alfalfa meal not delivered by defendant.

The legal proposition stated is interesting but we find it unnecessary to consider it for the reason that substantial testimony in the case fully supports the findings of fact and the conclusions of law made and given by the court.

The letter dated January 13, 1951, written by defendant's manager to plaintiff's president first has reference to Mr. Archer's confirmation dated December 14, 1950 of the purchase of twelve cars 17% dehydrated alfalfa meal 100,000 I.U. vitamin "A" on arrival guaranteed.

This letter is evidence supporting the finding of the court that a contract for the sale of the alfalfa meal with the guarantee as to vitamin content is correct. It is substantial evidence corroborated by the testimony of other witnesses.

In the same letter Mr. McAnally asks that he hear from Mr. Archer regarding the deficiency of vitamin "A" and that Mr. Archer advise him as to some type of adjustment which might be made so that it would be satisfactory for the Uncle Johnny Mills, the plaintiff and appellee, to use alfalfa meal with no "A" guarantee.

The letter is substantial evidence of the fact that on January 13, 1951, defendant's manager did not expect to be able to ship the meal with vitamin content specified and it affords substantial evidence of the fact that the contract had been made between the parties for the shipment of twelve cars of 17% dehydrated alfalfa meal 100,000 I.U. vitamin "A" on arrival guaranteed.

There is substantial evidence that there was a deficiency in the vitamin content of the alfalfa meal shipped by defendant to plaintiff and that it cost plaintiff $644.40 to build up the vitamin content.

The evidence is undisputed that defendant did not ship twelve carloads of alfalfa meal to plaintiff.

It is undisputed that in the month of February no meal had been delivered by defendant to plaintiff prior to February 16, 1951; and that on that date plaintiff bought three cars of meal of the same description as that for which the contract here involved was made at $71 per ton and that on February 19 plaintiff bought another six cars at $71.80 per ton delivered, and there is substantial evidence that the alfalfa meal so purchased was bought at the lowest price available for meal so described.

There is substantial evidence to show that it cost plaintiff $792 more to purchase the six cars of meal bought by it after defendant ceased to ship than it would have paid if defendant had shipped six cars more than it did ship.

There is some conflict in the evidence as to the exact point of delivery of the alfalfa meal and as to the contract; but it is a well established rule that this court will not disturb findings of fact where there is any substantial dispute upon the evidence. Weeks v. Bailey, 33 N.M. 193, 263 P. 29, Chesher v. Shafter Lake Clay Co., 45 N.M. 419, 115 P.2d 636.

We have shown that the findings of fact made by the court are supported by substantial testimony and even though there is some dispute as to the facts, the court's findings are not to be disturbed.

It follows that the judgment of the lower court should be and it is hereby affirmed.

COMPTON, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.